James Edward CRAIG, Appellant,

v.

Warden Sam P. GARRISON, Central Prison, Appellee.

No. 76–8270.

United States Court of Appeals, Fourth Circuit.

Submitted Dec. 13, 1976.

Decided Feb. 7, 1977.

James Edward Craig, appellant pro se.

Richard N. League, N.C. Dept. of Justice, Raleigh, N.C., for appellee.

Before CRAVEN, BUTZNER and RUSSELL, Circuit Judges.

## MEMORANDUM AND ORDER:

James Edward Craig filed two petitions in the district court on March 4, 1976. He labeled one "Application for Writ of Habeas Corpus"; he labeled the other "Application for Peremptory Writ of Mandamus." In the first one he sought release unless the state court would give him a hearing "now" on his state postconviction remedy. Not being a lawyer he has inverted the clauses—but his meaning is clear: he wants out. Indeed, his application is on the district court's own habeas relief form and adequately claims unconstitutional confinement. In the latter, he sought an order to the North Carolina state courts to consider his postconviction relief application. Craig asserted that he had sent such an application to the Durham County Superior Court on July 3, 1975, and that that court had taken no action. He supported his claims with a photocopy of a certified mail receipt from that office dated July 7, 1975. The federal district court consolidated both of Craig's petitions, viewed them as premature habeas petitions, and dismissed them on May 4, 1976. Craig's notice of appeal was filed in the district court on June 7, 1976, and an entry was made in the record to indicate that the notice of appeal was untimely.

The jurisdiction of this court over an appeal by right depends upon the filing of a notice of appeal in compliance with F.R.A.P. 3, 4. Neither this court nor the district court can enlarge the time for filing an appeal beyond the limits imposed for a case such as Craig's by F.R.A.P. 4(a). *Evans v. Jones*, 366 F.2d 772 (4th Cir. 1966). F.R.

A.P. 4(a) provides by its own terms, however, for a 30-day extension of the normal 30-day period for filing an appeal, if there is a showing of excusable neglect. Craig's notice of appeal was received within the permissible period of extension.

It must be remembered that Craig is proceeding without an attorney, and that a pro se petitioner untrained in the law is not to be held to the same standards as a member of the bar. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). Perhaps being unaware of F.R.A.P. 4(a) (the district court's order denying relief did not explain that he had 30 days in which to file his notice of appeal), Craig made no allegation of excusable neglect to the district court.

There is no doubt that the burden of establishing excusable neglect is upon an appellant, even one proceeding pro se. However, the D. C. Circuit has held that "in all cases where a civil litigant unaided by counsel files a motion for leave to appeal *in forma pauperis beyond* the initial deadline, but within the period of extension permitted by Rule 4, the District Court may not deny the appeal as untimely without first inquiring of the litigant whether the delay is due to excusable neglect." *Alley v. Dodge Hotel*, 63 U.S.App.D.C. 320, 501 F.2d 880, 886 (1974). The Fifth Circuit has followed a similar rule. *Bryant v. Elliott*, 467 F.2d 1109 (5th Cir. 1972).

We agree with the reasoning of these cases, and hold that when a pro se litigant's notice of appeal is filed within sufficient time to allow the district court to grant an extension of time upon a showing of excusable neglect, the court should not treat the notice as untimely until it has advised the litigant of the requirements of F.R.A.P. 4(a) and provided him an opportunity to establish excusable neglect to justify the extension of time authorized by that rule.

On remand the district court should conduct the necessary inquiry and supplement the record accordingly.

REMANDED.