Abdul SHAH, Robert Jackson, Appellants,

v.

T.D. HUTTO, Gene Johnson, Major San Fillippio, Mrs. O.J. Garland, J.M. King, Members of the ICC, R.A. Bass, A.P. Grizzard, S.S. Taylor, Appellees.

No. 81–6855.

United States Court of Appeals, Fourth Circuit.

Argued Nov. 10, 1982.

Decided April 4, 1983.

Martin J. Barrington, Richmond, Va. (Hunton & Williams, Richmond, Va., on brief), for appellants.

Alan Katz, Asst. Atty. Gen., Richmond, Va. (Gerald L. Baliles, Atty. Gen. of Virginia, Richmond, Va., on brief), for appellees.

Before HALL and ERVIN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

The question for decision is whether the 1979 amendment to Federal Rule of Appellate Procedure 4(a) has overruled this court's decision in *Craig v. Garrison*, 549 F.2d 306 (4th Cir.1977). In that case we held that when a pro se litigant files a notice of appeal that is untimely but within the period during which an extension of time might be granted pursuant to Rule 4(a), the litigant must be informed of the

rule and provided an opportunity to establish excusable neglect.

■ Because of the 1979 amendment of the rule, several courts of appeals which had earlier applied the rule so as to reach results similar to that which we reached in *Craig* have held that they are now required to apply the rule rigidly and inflexibly even to incarcerated litigants proceeding pro se.[1] Because we find nothing in the text of the amended Rule 4(a)(5) or in the notes of the Advisory Committee to indicate that the 1979 amendment was intended to overturn the result reached by this court in *Craig,* we are unable to disturb that decision.

### I.

In their action brought pursuant to 42 U.S.C.A. § 1983, summary judgment went against these two Virginia prisoners. The judgment was filed on August 25, 1981, and the plaintiffs were notified that if they wished to appeal the notice must be filed in the office of the clerk of the district court within thirty days after August 25, 1981. Their joint notice of appeal was mailed on September 22 from the Virginia State Penitentiary in Richmond, but it took the Postal Service three days to get it to the clerk of the district court also in Richmond. The letter languished in the Richmond, Virginia post office for three days, or was misdelivered and remailed. It was received and marked "filed" by the clerk on September 25, one day after expiration of the thirty-day appeal period.

The plaintiffs filed no motion for an extension of time within which to file the notice of appeal, but then no one told them there had been an unexpected delay in the mail, that the notice had been received one day late and that a motion for extension of time was necessary or appropriate.

### II.

FRAP 4(a)(5) as amended in 1979 provides:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

The defendants emphasize the requirement of the amended rule that a motion for an extension of time be filed before expiration of the thirty-day extension period. But the requirement of a motion was not new with the 1979 amendment. The earlier version of the rule permitted informal application for an extension of time if made within the thirty-day appeal period, but required that it be made by motion thereafter. As the Advisory Committee observed in its note to the 1979 amended rule, "A literal reading [of the earlier version] would require that the extension be ordered and the notice of appeal filed within the 30 day [extension] period . . . ." But, in general, the courts did not apply it inflexibly, for it would have tortured sensibility to hold that judicial delay in granting the requested extension could deny the right of appeal. So, at least in the cases of indigent prisoners, the rule was applied with considerable elasticity.[2]

■ One of the obvious reasons for recasting the rule was the problem the court faced in *In re Orbitec,* 520 F.2d 258 (2d Cir.1975). In that case, a motion for an

---

**1.** *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir. 1981); *Ryals v. Estelle,* 661 F.2d 904 (5th Cir. 1981); *Mayfield v. United States Parole Commission,* 647 F.2d 1053 (10th Cir.1981); *Barksdale v. Blackburn,* 647 F.2d 630 (5th Cir.1981).

**2.** *See e.g., United States v. Lucas,* 597 F.2d 243 (10th Cir.1979); *Moorer v. Griffin,* 575 F.2d 87 (6th Cir.1978); *Alley v. Dodge Hotel,* 501 F.2d 880 (D.C.Cir.1974); *Bryant v. Elliott,* 467 F.2d 1109 (5th Cir.1972).

extension of time within which to file a notice of appeal had been made within the thirty-day extension period, but no notice of appeal had been filed. The district judge denied the motion for an extension of time, and there was a timely appeal of that order to the Court of Appeals for the Second Circuit. The court held that it was fruitless to review the order denying the motion for an extension of time since the absence of a notice of appeal from the judgment on the merits foreclosed review of that judgment, notwithstanding that a timely motion for an extension of time within which to file it had not been granted. The amended rule makes it clear that if there is a motion for an extension of time, the district court may act upon it after expiration of the thirty-day extension period, and that if the motion is then granted, a notice of appeal may be filed within ten days thereafter. The amendment to the rule would reverse the result in *In re Orbitec.*

The Advisory Committee in its note stated that the amendment would make it clear that a motion for extension of time must be filed within the thirty-day extension period. Indeed, what was implicit in the earlier version is made explicit by the amended rule, but there is every indication that the Committee's attention was focused upon the problem in *In re Orbitec,* which it cited in its preceding breath. Surely it was not intended to authorize the district judge to permit the filing of a notice of appeal after long delay and inaction. The requirement of a timely motion for an extension was the only thing upon which could be hung the new provision giving the appellant ten days after the order granting an extension during which he might file a notice of appeal.

Significantly, the Advisory Committee made no reference to *Craig v. Garrison* or the other cases wrestling with the problems presented when indigent prisoners, undertaking to represent themselves, do less than might be expected of experienced lawyers or, in particular, with the specific problem we face when the pro se plaintiffs have never been informed that there had been a delay in the mail and the notice of appeal had arrived one day late.

▮ The explicit language of the amended rule would foreclose treatment of a response to a motion to dismiss in a court of appeals as a motion for an extension of time within which to file the notice. But the notice of appeal itself, in the circumstances of this case, implicitly contained an application for the extension necessary to permit its filing. One cannot discern any specific intention on the part of the plaintiffs to file a motion or to request an extension, but then they knew neither of the delay in the mail nor the need of a motion. There is no doubt, however, that the notice was a clear indication of their intention to appeal, and implicit in that is a wish to do and have done whatever was necessary to preserve and protect their rights. If someone in the clerk's office had informed them of the delay and of the appropriateness of a motion for an extension of time, there is little doubt but that they would have embraced the suggestion. Unless the notice of appeal is given such a construction, the rule becomes a trap for the unwary.[3]

We are admonished to be liberal and flexible in our application and interpretation of Rules 3 and 4. In a general note to Rules 3 and 4 the Advisory Committee stated:

[T]he proposed rules merely restate, in modified form, provisions now found in the civil and criminal rules (FRCP 5(e), 73; FRCrP 37), and decisions under the present rules which dispense with literal compliance in cases in which it cannot fairly be exacted should control interpretation of these rules. Illustrative decisions are: *Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760

---

**3.** The problem may not be widespread. Informal inquiry of personnel in the Office of the Clerk of the United States District Court for the District of South Carolina revealed that that office maintains an appeals desk. The person in charge of that desk checks every incoming notice of appeal for sufficiency and timeliness. If its receipt is after the expiration of the first thirty-day period but within the extension period, the purported appellant is informed of the fact and told of the avenue for relief provided by Rule 4(a)(5).

(1964) (notice of appeal by a prisoner, in the form of a letter delivered, well within the time fixed for appeal, to prison authorities for mailing to the clerk of the district court held timely filed notwithstanding that it was received by the clerk after expiration of the time for appeal; the appellant "did all he could" to effect timely filing); *Richey v. Wilkins,* 335 F.2d 1 (2d Cir.1964) (notice filed in the court of appeals by a prisoner without assistance of counsel held sufficient); *Halfen v. United States,* 324 F.2d 52 (10th Cir.1963) (notice mailed to district judge in time to have been received by him in normal course held sufficient); *Riffle v. United States,* 299 F.2d 802 (5th Cir.1962) (letter of prisoner to judge of court of appeals held sufficient). Earlier cases evidencing "a liberal view of papers filed by indigent and incarcerated defendants" are listed in *Coppedge v. United States,* 369 U.S. 438, 442 n. 5, 82 S.Ct. 917 [919 n. 5], 8 L.Ed.2d 21 (1962).

We approach our task of application and interpretation of Rule 4(a)(5) in that spirit. The rules have been greatly simplified and clarified, but there is still an occasion when liberality and flexibility in their application are necessary to avoid unjust and unwarranted exclusion of litigants from judicial relief intended by the rules to be available to them.

Of course, the Supreme Court itself has directed such a flexible approach. In *Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), a notice of appeal mailed by a federal prisoner from his place of confinement in Atlanta, Georgia on the eighth day after the imposition of his sentence was treated as timely though not actually received in the office of the clerk of the district court in Jacksonville, Florida until the fourteenth day. In the case now before us, however, we need not hold that the notice of appeal was actually filed in time; it is enough that we conclude that its presentation on the thirty-first day after judgment implicitly included a motion for an extension of time within which to file it.

If an informal letter to a judge of the court of appeals stating the writer's dissatisfaction with a judgment of a district court may be treated as a notice of appeal filed in the district court (*Riffle v. United States* cited in the note of the Advisory Committee), we have no hesitancy in construing this notice of appeal as including a motion for an extension of time, which is essential to the process of validating the notice.

We conclude that the 1979 amendment of Rule 4(a)(5) did not overrule or displace our decision in *Craig v. Garrison.* It is a viable precedent binding upon this panel.

### III.

The question of the appealability of the district court's judgment in the circumstances of this case was raised by a member of the staff legal section and referred to a panel of three judges. The panel arranged for the appointment of counsel for the indigent plaintiffs, and the case has been fully briefed and argued. There is no motion to dismiss the appeal, and we find it unnecessary to remand the case to the district judge who never considered the motion for an extension of time. Tardiness of the notice was so obviously caused by the delay in the mail that a compelling case of excusable neglect in not having mailed the notice one day sooner has been made. Since the matter is beyond debate, this case will simply be retained on the docket of this court, and we will proceed to a consideration of the merits.

K.K. HALL, Circuit Judge, dissenting:

I cannot agree with the majority's conclusion that the 1979 amendment of Rule 4(a)(5) did not overrule our decision in *Craig v. Garrison,* 549 F.2d 306 (4th Cir.1977). I dissent.

On August 25, 1981, the district court entered summary judgment for defendants and dismissed plaintiffs' complaint. Thirty-one days later, on September 25, 1981, plaintiffs' notice of appeal was filed. Plaintiffs have never filed a motion for an extension of time within which to file a notice of appeal due to excusable neglect.

The courts of our land are bound by Acts of Congress except when in conflict with the Constitution or other rare exceptions. Notice of appeal in a civil suit is generally required to be filed within thirty days of the entry of judgment. F.R.A.P. 4(a)(1). In *Craig v. Garrison, supra,* Craig filed his notice of appeal thirty-seven days after dismissal of his habeas petitions. Under former F.R.A.P. 4(a),[1] we in effect treated Craig's untimely notice of appeal as a motion for an extension of time and remanded the case to permit Craig an opportunity to establish excusable neglect.

Thereafter, in 1979, Congress amended F.R.A.P. 4(a) to read as follows:

The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal *upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).* Any such motion which is filed before expiration of the prescribed time may be ex parte unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

(Emphasis added). This language expressly requires the filing of a motion for an extension of time. As if the rule itself were not clear, the Notes of the Advisory Committee on Appellate Rules provide that:

... The proposed amendment would *make it clear that a motion to extend the time must be filed* no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered.

Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an *informal application. The amendment would require that the application must be made by motion,* though the motion may be made ex parte. *After the expiration of the initial time a motion for the extension of the time must be made* in compliance with the F.R.C.P. [Federal Rules of Civil Procedure, this title] and local rules of the district court.

(Emphasis added).

Other Circuit Courts which have reviewed the effect of the 1979 amendments to Rule 4(a) of the Federal Rules of Appellate Procedure under similar circumstances have abandoned the reasoning of *Craig v. Garrison, supra,* and have held that a motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period in order for a court of appeals to have jurisdiction over the appeal. *Brooks v. Britton,* 669 F.2d 665 (11th Cir.1982); *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir.1981); *Wyzik v. Employee Benefit Plans of Crane Co.,* 663 F.2d 348 (1st Cir.1981); *Mayfield v. United States Parole Commission,* 647 F.2d 1053 (10th Cir.1981); *Sanchez v. Board of Regents,* 625 F.2d 521 (5th Cir.1980).[2]

---

1. The last paragraph of former F.R.A.P. 4(a) provided in part that:

Upon a showing of excusable neglect, the district court may extend the time for filing the notice of appeal by any party for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision. Such an extension may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate.

2. *Fallen v. United States,* 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), cited by the majority in support of its "flexible approach," is distinguishable. It involved an appeal in a criminal case. Furthermore, the then applicable rule and the current rule provide in part that:

Upon a showing of excusable neglect the district court may, before or after the time has expired, *with or without motion and notice,* extend the time for filing a notice of

The fact that the litigant is incarcerated and is proceeding *pro se* does not change the clear language of the Rule and necessitates a dismissal where the Rule has not been followed. *Brooks v. Britton,* 669 F.2d 665 (11th Cir.1982); *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir.1981); *Mayfield v. United States Parole Commission,* 647 F.2d 1053 (10th Cir.1981); *Meggett v. Wainwright,* 642 F.2d 95 (5th Cir.), *cert. denied,* 454 U.S. 1090, 102 S.Ct. 653, 70 L.Ed.2d 628 (1981). To alleviate the possible harshness of the rule in the context of *pro se* appeals, the district courts may inform the *pro se* litigant in the final order of the requirements of Rule 4(a)(5) and the consequences of failure to comply therewith. *Cf. Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975) (summary judgment procedure). Also, as suggested by footnote 3 of the majority opinion, all district court clerks' offices might screen notices of appeal for timeliness and advise the *pro se* litigant of the appropriateness of a motion for an extension of time.

When courts treat letters and other various papers filed by *pro se* litigants as the equivalents of notices of appeal, they are merely effectuating the manifest intent of litigants unversed in the law. *E.g., Riffle v. United States,* 299 F.2d 802 (5th Cir. 1962). However, in my view, a bare notice of appeal should not be construed as a motion for extension where no request for additional time is manifest. We are bound by the language of the 1979 amendment and its requirement of a "motion filed" within the second thirty-day period at the latest.

We judges do not sit as legislators. It is not our function to rewrite the rules. We must take the rules as we find them and apply them according to their plain import. The 1979 amendment clearly requires the timely filing of a formal motion, and no motion was timely filed in this case.

Accordingly, I would dismiss this appeal for lack of jurisdiction.

appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.