**Darron K. CAMPBELL, Appellant,**

v.

**Carl WHITE, et al., Appellees.**

**No. 83–1048.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 22, 1983.

Decided Dec. 1, 1983.

Darron Keith Campbell, pro se.

John Ashcroft, Atty. Gen., Rosalynn Van-Heest, Jefferson City, Mo., for appellees.

Before BRIGHT, ROSS and JOHN R. GIBSON, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Darron Campbell appeals the district court's[1] dismissal of his civil rights suit, 552 F.Supp. 1243, brought under 42 U.S.C. § 1983. His notice of appeal was received on the thirty-second day after the entry of judgment. We conclude the notice of appeal was untimely and may not be considered as a motion for extension of time to appeal under Rule 4(a)(5), Fed.R.App.P.

In 1979 Rule 4(a)(5), the Fed.R.App.P., was amended to specifically authorize the district court to extend the time for filing a notice of appeal "upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Notice of the motion "shall be given to the other parties in accordance with Local Rules".[2]

The Advisory Committee comments to the 1979 amendment state:

The proposed amendment would make it clear that a motion to extend the time must be filed no later than 30 days after the expiration of the original appeal time, and that if the motion is timely filed the district court may act upon the motion at a later date, and may extend the time not in excess of 10 days measured from the date on which the order granting the motion is entered.

Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. The amendment would require that the application must be made by motion, though the motion may be made *ex parte*. After the expiration of the initial time *a motion for the extension of the time must be made* in compliance with the F.R.C.P. and local rules of the district court.... (Emphasis added).

The meaning of the amendment to Rule 4(a)(5) is clear and unambiguous and requires the filing of a motion with service of notice.

This meaning is underscored by Rule 4(b), Fed.R.App.P., relating to criminal appeals, which provides as follows:

Upon a showing of excusable neglect the district court may, before or after the time has expired, with or without motion and notice, extend the time for filing of notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this subdivision.

We think it clear that the 1979 amendment requires the filing of a motion and that the notice of appeal received after the date for filing notices may not be con-

---

1. The Honorable William L. Hungate, United States District Judge for the Eastern District of Missouri.

2. Fed.R.App.P. 4(a)(5) reads as follows:

   (5) The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule

   4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

sidered a motion for extension. Our conclusion in this respect is underscored by decisions in four other circuits.[3]

In *Brooks v. Britton,* 669 F.2d 665, 667 (1982), Chief Judge Godbold, speaking for the Eleventh Circuit, examined the change in language of Rule 4(a)(5) and concluded:

> If informal or implicit applications are not allowed prior to expiration of the time for filing the notice of appeal, *a fortiori* such applications are not allowed after expiration of the time for filing. Moreover, the import of *Sanchez v. Board of Regents, supra,* is that the prior practice of recognizing implicit motions for extension of time is not to be followed under the amended Rule 4(a). Therefore, we must conclude that since appellant failed to properly move for an extension of time to file his notice of appeal any implicit finding of excusable neglect by the district court is ineffectual.

As stated in 9 *Moore's Federal Practice* ¶ 204.13[2] at 4–104.3 (2d Ed.1982):

> Given the repeated holding by the Supreme Court that Rule 4 is "mandatory and jurisdictional," the result of a failure to file a timely notice of appeal, followed by failure to make a timely motion to be permitted to file one out of time, extinguishes the right to appeal beyond revival by either the district court or the court of appeals.

We are aware that before 1979 any kind of filing might be treated as a motion for extension and excusable neglect might be established and an extension granted later.[4] We have earlier so considered a notice of appeal filed eight days after the expiration of the time limitation for filing notices, and remanded the case to the district court to accept nunc pro tunc the notice on grounds of excusable neglect. *Seshachalam v.*

*Creighton University School of Medicine,* 545 F.2d 1147 (8th Cir.1976), *cert. denied,* 433 U.S. 909, 97 S.Ct. 2974, 53 L.Ed.2d 1093 (1977); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Kurtenbach,* 525 F.2d 1179 (8th Cir.1975) (The Eighth Circuit assumed *arguendo* that it had the power to remand for a determination of excusable neglect but suggested when no motion for extension or showing of excusable neglect was made within the thirty-day extension period normally the court of appeals should not remand). *But see United States v. McKnight,* 593 F.2d 230 (3d Cir.1979) (A divided panel held the court of appeals lacked jurisdiction to remand the cause to allow appellant to move for an extension). The amendment to Rule 4(a)(5) requires that this practice be no longer followed.

This issue has been very capably illuminated in the recent decision of the Fourth Circuit in *Shah v. Hutto,* 704 F.2d 717 (1983). Senior Judge Haynsworth reached a conclusion contrary to the one we here reach. He stressed a liberal and flexible approach to the rules and concluded that the 1979 amendment of Rule 4(a)(5) did not displace or overrule the earlier Fourth Circuit decision in *Craig v. Garrison,* 549 F.2d 306 (4th Cir.1977). We are more persuaded by the dissenting opinion of Judge Hall, which essentially follows *Brooks v. Britton* and the opinions of the other circuits, in looking to the clear language of the amendment and the committee comments concerning the amendment.

The rules and their amendments are prepared with care and submitted to Congress with an opportunity for disapproval. We may not rewrite procedures that have been clearly laid down for us. As Judge Hall commented in his dissent in *Shah,* "We judges do not sit as legislators." 704 F.2d p. 723.

---

**3.** *See Briggs v. Lucas,* 678 F.2d 612 (5th Cir. 1982); *Brooks v. Britton,* 669 F.2d 665 (11th Cir.1982); *Wyzik v. Employer Ben. Plan of Crane Co.,* 663 F.2d 348 (1st Cir.1981); *Oda v. Transcon Lines Corp.,* 650 F.2d 231 (10th Cir. 1981); *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521 (5th Cir. 1980) (Court held motion for extension must be within 30 days, but remanded holding the rul-

ing was prospective only because the effect of the ruling was to depart from the prior law of the circuit).

**4.** See 9 *Moore's Federal Practice* ¶ 204.13[2] at 4–98 to 4–105. Moore's discussion reveals that this procedure was followed in nine of the eleven circuits.

We are aware that the Fifth Circuit in *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521 (1980), determined that an untimely filed notice be treated as a motion for extension of time although it clearly recognized the import of the amendment in Rule 4(a)(5), Fed.R. App.P. *Sanchez* dealt with a notice filed March 28, 1980, not quite nine months after the effective date of the amendments to Rule 4(a)(5). Our case involves a notice filed more than three years after the amendment to the rules and after development of a considerable body of case law from the other circuits that make clear the import of the rule. Accordingly, we see no reason to give our ruling prospective effect as did the Fifth Circuit in *Sanchez.*

We realize that the enforcement of this rule may have harsh results. We think it mandatory that the district court clerks' offices screen notices of appeal for timeliness and advise pro se litigants of the appropriateness of an extension motion. We further direct that district court clerks prepare a notice to be given litigants that informs them of the time limitations for filing a notice of appeal under Rule 4 of the Federal Rules of Appellate Procedure, and the necessity of filing a timely motion for extension within the thirty (30) day extension period if the notice of appeal is untimely.

The appeal is dismissed.

BRIGHT, Circuit Judge, dissenting.

I dissent from the majority's disposition of this case. I would adopt the reasoning of Judge Haynsworth, author of the majority opinion in *Shah v. Hutto,* 704 F.2d 717 (4th Cir.1983). In that case, in circumstances analogous to the case before us, the Fourth Circuit held that when a pro se prisoner files a notice of appeal more than thirty days after entry of judgment but within the subsequent thirty day period during which the district court might grant an extension of time to appeal under FRAP 4(a)(5),[1] the notice of appeal shall include by implication a motion for an extension of time to appeal. As Judge Haynsworth observed,

> There is no doubt, however, that the notice was a clear indication of their intention to appeal, and implicit in that is a wish to do and have done whatever was necessary to preserve and protect their rights. If someone in the clerk's office had informed them of the delay and of the appropriateness of a motion for an extension of time, there is little doubt but that they would have embraced the suggestion. Unless the notice of appeal is given such a construction, the rule becomes a trap for the unwary. [footnote omitted]

Accordingly, I would remand this case to the district court to permit Campbell to amend his implied motion for extension of time by filing a written motion, to be deemed filed *nunc pro tunc* as of the date of the late notice of appeal, and to permit the district court to rule on that request.

---

1. *See* majority opinion, at 645 n. 2.