**Willie WILLIAMS, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 85–1269.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided Nov. 15, 1985.

Howard B. Eisenberg, Carbondale, Ill., for appellant.

George Cox, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before HEANEY, Circuit Judge, HENLEY, Senior Circuit Judge, and McMILLIAN, Circuit Judge.

PER CURIAM.

Willie Williams appeals from the district court's [1] dismissal of his petition for writ of habeas corpus. He was convicted of robbery in the second degree for purse snatching, and as a persistent offender was sentenced to twenty-five years imprisonment under Missouri law, Mo.Ann.Stat. § 558.016 (Vernon 1979). In his pro se petition Williams raised many issues, most of which concerned his claim of ineffective assistance of counsel. The district court dismissed the petition.

Williams never filed a "notice of appeal" and did not seek an extension of time until several months after the judgment was entered. He argues that his petition for reconsideration, filed twenty days after the entry of judgment, should be considered as a notice of appeal. We disagree. A petition for reconsideration is not a valid substitute for a notice of appeal because it fails to give the other party notice of the intent to appeal. The case relied on by Williams, *Bradley v. Coughlin*, 671 F.2d 686, 688–89 (2d Cir.1982), is distinguishable since the motion filed by the pro se petitioner in that case was entitled "Motion to Reconsider Order or in the Alternative, Motion for Leave to Take an Interlocutory Appeal in Forma Pauperis," it was filed within thirty days and the motion gave the defendants notice of his intent to appeal.

Williams next argues that his petition for leave to proceed on appeal in forma pauperis, filed thirty-two days after entry of judgment, should be considered as a motion for extension of time under Fed.R. App.P. 4(a)(5). Again, we must disagree. A motion for an extension of time is required under Rule 4(a)(5) and a petition for leave to proceed in forma pauperis is not an acceptable substitute. *See Campbell v. White*, 721 F.2d 644 (8th Cir.1983) (notice of appeal received thirty-two days after entry of judgment may not be considered as motion for extension of time).

While the appeal from the dismissal of the petition for writ of habeas corpus must be dismissed as untimely, the dismissal will be without prejudice to any subsequent habeas corpus petition regarding the length of sentence. Should Williams later file a second habeas petition, we suggest that the district court, in exercising its discretion under Rule 9(b) of the Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254 (successive habeas corpus petitions), may wish to take into account the severity of the sentence and the fact that Williams filed his original petition pro se.

Williams also contends that the district court abused its discretion in denying his motion for reconsideration. Assuming that a proper notice of appeal was filed, we find the argument is meritless. Williams fails to state any facts in support of this argument and we find no evidence of abuse of discretion.

As indicated, the appeal from the order of dismissal is dismissed as untimely but without prejudice to a subsequent petition. Denial of the petition for reconsideration is affirmed.

---

1. The Honorable William L. Hungate, United States District Judge, Eastern District of Missouri.