Frank T. LABUGUEN,
Plaintiff-Appellant,

v.

Paul N. CARLIN, Defendant-Appellee.

Nos. 85–1764, 85–2394.

United States Court of Appeals,
Seventh Circuit.

Submitted April 4, 1986.*

Decided June 10, 1986.

Gerald A. Goldman, Goldman & Marcus, Chicago, Ill., for plaintiff-appellant.

James T. Hynes, Asst. U.S. Atty., Anton R. Valukas, U.S. Atty., Chicago, Ill. (Lori Joan Dym, Washington, D.C., of counsel), for defendant-appellee.

Before WOOD, COFFEY, and FLAUM, Circuit Judges.

PER CURIAM.

On February 20, 1985, the district court dismissed the plaintiff's employment discrimination claim by granting summary judgment to the Postmaster General. The plaintiff filed a "motion for reconsideration" on March 21, 1985. The motion was denied without comment on April 3, 1985. On May 3, 1985, the plaintiff, Frank Labuguen, filed his notice of appeal from the orders entered on February 20 and April 3. (Appeal No. 85–1764.) On May 28, 1985, Labuguen filed with the district court a Motion for Extension of Time to File a Notice of Appeal. Judge Marshall denied

---

* After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." *See* Rule 34(a), Fed.R.App.P.; Circuit Rule 14(f). No such statement having been filed, the appeal has been submitted on the briefs and record.

this motion on June 14, 1985, holding that because the motion for extension of time was filed more than thirty days after the time for appeal had elapsed, he was without jurisdiction to consider it. Plaintiff appeals from this order. (Appeal No. 85–2394.) On June 17, 1985, this Court held that insofar as appeal No. 85–1764 attempts to challenge the district court's order of February 20, 1985, granting summary judgment, this Court is without jurisdiction to hear it. In order for the appeal to have been timely, the notice of appeal had to have been filed not more than sixty days after the district court granted summary judgment. *See* Fed.R.App.P. 4(a)(1) (if officer of the United States is a party, notice of appeal may be filed up to sixty days after judgment entered). Therefore, the only issues we need to address are whether the district court properly denied plaintiff's motion for reconsideration and plaintiff's motion for extension of time to file its notice of appeal.

## I.

■ Labuguen, who has been represented by counsel throughout these proceedings, argues that his motion for reconsideration was a motion under Fed.R.Civ.P. 59 and concedes that it was untimely under that rule which requires that the motion must be filed within ten days of the entry of judgment. Labuguen argues, however, that Judge Marshall should have treated the untimely Rule 59 motion as a Rule 60(b) motion. The government contends that Judge Marshall did treat the motion for reconsideration as a 60(b) motion and asks us to affirm the purported denial on the merits. At a hearing on June 7, 1985, Judge Marshall stated that the "motion to reconsider ... was untimely under Rule 59 [because] the time for reconsideration is ten days under Rule 59, and it cannot be extended." This statement, combined with the district court's failure to give any substantive reasons for denying appellant's Rule 59 motion, supports plaintiff's argument that the district court did not consider appellant's motion for reconsideration as

possibly providing grounds for relief under 60(b).

Labuguen argues that because the district court did not decide his Rule 59 motion under 60(b), we should remand to the district court to consider whether his motion for reconsideration merits relief under 60(b). Labuguen cites a number of cases in which an appellate court affirmed a district court's decision to treat a Rule 59 motion as a motion under 60(b). *See, e.g., Rocky Mountain Tool & Machine Co. v. Tecon Corp.,* 371 F.2d 589, 597 (10th Cir. 1967); *United States v. Wissahickon,* 200 F.2d 936 (2d Cir.1952). However, he cites no cases in which an appellate court has reversed a district court for treating a Rule 59 motion as a Rule 59 motion, rather than treating a Rule 59 motion as both a Rule 59 motion and a Rule 60(b) motion. We decline Labuguen's invitation to hold that the district court must treat what Labuguen concedes was a Rule 59 motion as a Rule 60(b) motion. If appellant wanted the district court to consider the merits of a 60(b) motion, his remedy was clear—he should have filed a Rule 60(b) motion. We hold that the district court properly denied plaintiff's Rule 59 motion as untimely. *See Bailey v. Sharp,* 782 F.2d 1366, 1367 (7th Cir.1986) (citing *Browder v. Director, Department of Corrections,* 434 U.S. 257, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978)) (Rule 59 motions must be filed within 10 days of entry of judgment; extension of prescribed time period is prohibited).

## II.

■ Plaintiff in appeal No. 85–2394 challenges the district court's denial of his motion to extend the time for appeal as untimely. Appellant concedes that when he filed the motion on May 28, 1985, it was untimely because it was filed more than thirty days after the time for filing an appeal had expired. He contends, however, that the district court should have considered his motion because he did file a notice of appeal within thirty days of the expiration of the time in which he was required to file a notice of appeal. He

relies on cases decided prior to the 1979 amendment to Fed.R.App.P. 4(a)(5). Those cases allowed district courts to grant extensions as long as the appellant filed a notice of appeal within thirty days of the time in which his right to appeal had expired. See *United States v. Lucas*, 597 F.2d 243 (10th Cir.1979); *Moorer v. Griffin*, 575 F.2d 87, 89–90 (6th Cir.1978); *Craig v. Garrison*, 549 F.2d 306 (4th Cir.1977); *Sanchez v. Dallas Morning News*, 543 F.2d 556, 557 n. 2 (5th Cir.1976), *cert. denied*, 441 U.S. 911, 99 S.Ct. 2010, 60 L.Ed.2d 383 (1979); *Stirling v. Chemical Bank*, 511 F.2d 1030, 1032 (2d Cir.1975); *Alley v. Dodge Hotel*, 501 F.2d 880 (D.C.Cir.1974), *cert. denied*, 431 U.S. 958, 97 S.Ct. 2684, 53 L.Ed.2d 277 (1977).

Whatever the rules may have required prior to 1979, Fed.R.App.P. 4(a)(5) now "specifically conditions extension of the time in which a notice must be filed upon the filing of a motion within thirty days after the expiration of the initial [filing period]." *United States ex rel. Leonard v. O'Leary*, 788 F.2d 1238, 1239 (7th Cir.1986) (relying on clarity of rule, Advisory Committee comments, and numerous cases from other circuits).

Labuguen asks us to apply our holding prospectively as the Fifth Circuit did in *Sanchez v. Board of Regents of Texas Southern University*, 625 F.2d 521 (5th Cir.1980).[1] The Eighth Circuit has rejected a similar request, noting that *Sanchez* dealt with a notice of appeal filed only nine months after the 1979 amendment became effective. *See Campbell v. White*, 721 F.2d 644 (8th Cir.1983). We agree with the *Campbell* court's reasoning that prospective application is completely inappropriate when the request comes years after the amendment and after development of a

considerable body of cases from other circuits that underscore the clarity of the rule. *Id.* at 647.[2]

In summary, we affirm the district court's denial of the untimely Rule 59 motion and the untimely motion for extension of time.

AFFIRMED.

---

1. We assume for purposes of this request that prospective application of the rule would assist appellant. We note that he has not cited any Seventh Circuit cases that interpreted the pre-1979 Rule as allowing a notice of appeal to serve as a motion for extension of time.

2. Appellant also argues in his brief in appeal No. 85-2394 that this Court should consider his notice of appeal filed on May 3, 1985, from the district court's summary judgment of February

20, 1985, as timely under the unique circumstances exception of *Thompson v. Immigration & Naturalization Service*, 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964). In our order of June 17, 1985, we held that the appeal from the February 20, 1985, decision of the district court was untimely and therefore must be dismissed. We are unwilling to reconsider the holding in that order.