**Tony P. CAMPOS, Appellant,**

v.

**Eugene S. LeFEVRE, Superintendent, Clinton Correctional Facility, et al., Appellees.**

**Docket No. 86–2272.**

United States Court of Appeals, Second Circuit.

Submitted April 7, 1987.

Decided Aug. 3, 1987.

Tony P. Campos, pro se.

Gerald Allen, Asst. Dist. Atty., Brooklyn, N.Y., for appellees.

Before LUMBARD, OAKES, and CARDAMONE, Circuit Judges.

OAKES, Circuit Judge:

Tony P. Campos, pro se, seeks to appeal from a judgment of the United States District Court for the Eastern District of New York, Edward R. Korman, Judge, denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The clerk of the district court entered the judgment on May 6, 1986. On June 16, 1986, Campos mistakenly sent a notice of appeal to the court of appeals, which was then forwarded to the district court where it was filed on July 1, 1986. Campos also filed a request for a certificate of probable cause with the district court on July 1, 1986; this request was denied on July 3, 1986. He now asks us to grant a certificate of probable cause so that he may appeal the denial of his habeas petition. We write here to address the issue of our jurisdiction over this appeal in view of the fact that Campos's appeal was plainly untimely as not having been filed within the thirty days initially allowed by Fed.R. App.P. 4(a)(1), though it was filed within an additional thirty days thereafter.

Under *Stirling v. Chemical Bank*, 511 F.2d 1030 (2d Cir.1975), where we took what has been referred to as the "permissive" view of Fed.R.App.P. 4(a) as it then read, Campos's notice of appeal could be treated as a motion for an extension of time if coupled with a prima facie showing of excusable neglect. We said in *Stirling* that "the filing of the notice of appeal within 60 days, coupled with a prima facie showing of excusable neglect, and the timely service of the notice of appeal on the opposing parties, constituted a sufficient manifestation on the part of the appellants to permit the district court, in the exercise of its discretion, to treat the notice of appeal as the substantial equivalent of a motion to extend the time because of excusable neglect." *Id.* at 1032 (citing *Evans v. Jones*, 366 F.2d 772 (4th Cir.1966); *Reed v. People of the State of Michigan*, 398 F.2d 800 (6th Cir.1968)). We held that "[n]othing in Rule 4(a) precludes the district court, more than 60 days after entry of judgment, from granting an extension of time to sanction the late filing of a notice of appeal within the second half of the 60–day period,

provided a purported notice of appeal has actually been filed within that period." 511 F.2d at 1032 (citing *C–Thru Products, Inc. v. Uniflex, Inc.,* 397 F.2d 952, 954–55 (2d Cir.1968); *Pasquale v. Finch,* 418 F.2d 627, 629 (1st Cir.1969)).

Four years after our decision in *Stirling,* however, the Federal Rules of Appellate Procedure were amended. Fed.R.App.P. 4(a)(5) now reads:

> The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a). Any such motion which is filed before expiration of the prescribed time may be *ex parte* unless the court otherwise requires. Notice of any such motion which is filed after expiration of the prescribed time shall be given to the other parties in accordance with local rules. No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

All the other circuits construe this provision of Rule 4 literally as requiring the filing of a motion for extension of time and precluding a court from treating a tardy notice of appeal as the "substantial equivalent" of such a motion. *See Wyzik v. Employee Benefit Plan of Crane Co.,* 663 F.2d 348 (1st Cir.1981) (a motion to extend time must be filed no later than thirty days after the expiration of the original appeal time); *Herman v. Guardian Life Ins. Co. of North America,* 762 F.2d 288, 290 (3d Cir.1985) ("[I]t is clear that a motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period before a court of appeals can exercise jurisdiction over the appeal."); *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d 521 (5th Cir.1980) (allowing a late notice of appeal to be treated as a motion for extension of time and remanding for determination of excusable neglect by the district court, but noting that amended Rule 4(a)(5) would be given prospective application to bar similar treatment in the future); *Pryor v. Mar-*

*shall,* 711 F.2d 63 (6th Cir.1983) (late notice of appeal which fails to allege excusable neglect or good cause can no longer serve as a substitute for motion for extension of time); *United States ex rel. Leonard v. O'Leary,* 788 F.2d 1238 (7th Cir.1986) (same); *Campbell v. White,* 721 F.2d 644 (8th Cir.1983) (notice of appeal received thirty-two days after entry of judgment could not be considered as a motion for extension of time to appeal); *Pettibone v. Cupp,* 666 F.2d 333 (9th Cir.1981) (language of Rule 4(a)(5) as amended precludes the court from remanding pro se litigant's late notice of appeal to district court for a finding of excusable neglect; motion for extension of time must be filed); *Mayfield v. United States Parole Comm'n,* 647 F.2d 1053 (10th Cir.1981) (pro se litigant's failure to make a motion for extension of time before the end of the thirty-day grace period extinguishes his right to appeal); *Brooks v. Britton,* 669 F.2d 665 (11th Cir. 1982) (pro se litigant's failure to move for extension of time makes any implicit finding of excusable neglect by the district court ineffectual).

When a Fourth Circuit panel first addressed this issue in *Shah v. Hutto,* 704 F.2d 717 (4th Cir.1983), it took a position opposite to that of the other circuits. In *Shah,* the incarcerated appellants mailed their notice of appeal to the court two days before the thirty-day deadline, but the notice was not received in the clerk's office until one day after the deadline. Not being informed of this, the appellants did not file a motion for extension of time in which to file the notice of appeal. After reviewing the text and history of Rule 4(a)(5), the panel found that nothing in the 1979 amendment or in the notes of the Advisory Committee indicated that the amendment was meant to overturn the result reached by the court in *Craig v. Garrison,* 549 F.2d 306 (4th Cir.1977) (pro se litigant filing late notice of appeal that is within the period of time for an extension must be told of the rule and provided an opportunity to establish excusable neglect). Accordingly, the court held that a late notice of appeal that was mailed by a pro se litigant within thir-

ty days of the judgment but not received and filed by the clerk until after expiration of the thirty-day period could be treated as a motion for extension of time. In the court's opinion, it was implicit in the notice of appeal that the appellants would have done whatever was necessary to file a timely appeal.

Upon en banc review, however, the Fourth Circuit reversed the panel's holding in *Shah* and held that the 1979 Amendment required that "a motion to extend the time must be filed no later than thirty days after the expiration of the original appeal period in order for a court of appeals to have jurisdiction over the appeal." *Shah v. Hutto*, 722 F.2d 1167, 1168 (4th Cir.1983) (en banc), *cert. denied*, 466 U.S. 975, 104 S.Ct. 2354, 80 L.Ed.2d 827 (1984). It further stated that "[a] bare notice of appeal should not be construed as a motion for extension of time, where no request for additional time is manifest." *Id.* at 1168–69. And it made clear that this requirement is to be applied equally to pro se litigants and litigants represented by counsel.

There was, however, a strong dissent in the en banc case, written by Senior Circuit Judge Haynsworth and joined in by Chief Judge Winter and Judges Murnaghan and Ervin. The dissenters point out that the substantive changes in Rule 4(a)(5) effected by the 1979 amendment are not relevant to the question whether a belated notice of appeal may be treated as a motion for extension of time. Rather, they say, the amendment's principal concern was the problem presented in *In re Orbitec Corp.*, 520 F.2d 358 (2d Cir.1975), which was discussed in a note of the Advisory Committee. The problem arose when a motion for an extension of time was filed within the thirty-day extension period but the motion was not granted before the expiration of the extension period and no notice of appeal was filed. In these circumstances, a party could be penalized for the court's failure to consider promptly his motion for an extension of time. The *Shah* dissent states that the 1979 amendment made two changes in Rule 4 to rectify that situation. First, the amendment included an explicit

requirement that a motion for an extension of time be made before expiration of the thirty-day extension period and, second, it added a provision stating that if a timely motion for an extension of time had been made, the notice of appeal could be filed within ten days after the filing of an order granting the motion, notwithstanding the fact that the thirty-day extension period had expired. The dissent saw neither of these changes as a rejection of the kind of flexible application of the rule represented by the Fourth Circuit's own *Craig v. Garrison* and kindred cases such as *Stirling v. Chemical Bank* in our circuit.

If the en banc majority in *Shah* and the First, Third, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits are correct, then our decision in *Stirling* should be overruled. This is true despite the fact that in *Fearon v. Henderson*, 756 F.2d 267 (2d Cir.1985), we followed *Stirling* in remanding to the district court for "it [to] determine whether to treat the notice of appeal as an application for extension of time pursuant to Rule 4(a)(5) and whether, in the interests of justice, the late appeal should be allowed." *Id.* at 267. Apparently the cases from the other circuits were not brought to the court's attention in *Fearon*, but we hope to rectify this by now reconsidering *Stirling* in light of Rule 4 as amended in 1979 and subsequently interpreted by the other circuits.

A quick review of the history of the rules pertaining to appeals to the courts of appeals from the district courts takes us back first to the decision in *Hill v. Hawes*, 320 U.S. 520, 64 S.Ct. 334, 88 L.Ed. 283 (1944). There the Court held that when the clerk of the court failed upon entry of judgment to notify the parties as required by old Rule 77(d) of the Rules of Civil Procedure and the judge ordered the judgment vacated and a new judgment entered, the time for appeal began to run from the date of entry of the second judgment. This drew a very strong dissent from Chief Justice Stone, followed by a 1946 amendment to former Fed.R.Civ.P. 73(a) that allowed the thirty-day appeal deadline to be extended for up to another thirty days upon a showing of

"excusable neglect based on a failure of a party to learn of the entry of the judgment." *See Lieberman v. Gulf Oil Corp.*, 315 F.2d 403, 405–06 (2d Cir.) (Friendly, J.), *cert. denied*, 375 U.S. 823, 84 S.Ct. 62, 11 L.Ed.2d 56 (1963).

In 1966, former Rule 73(a) was again amended to eliminate the reference to the "failure of a party to learn of the entry of the judgment" and to give the district court greater power to extend the appeal time for no more than thirty days simply "upon the showing of excusable neglect." *See* Wright, Miller, Cooper & Gressman, 16 *Federal Practice and Procedure* § 3950 at 366 & n. 13 (1977). While the showing to be made under the rule came to be a "fairly strict standard," *id.* at 366, in *Stirling* we followed the lead of the Fourth and Sixth Circuits to find that filing a notice of appeal within the thirty-day extension period was the equivalent, or could be treated as the equivalent, of filing a motion for extension of time in the district court. By the time of *Stirling*, of course, the Federal Rules of Appellate Procedure had been adopted (as of July 1, 1968), and Rule 4 simply echoed the text of the old Fed.R. Civ.P. 73. In any case, Rule 4 provided that the thirty-day extension "may be granted before or after the time otherwise prescribed by this subdivision has expired; but if a request for an extension is made after such time has expired, it shall be made by motion with such notice as the court shall deem appropriate." Thus, Rule 4 itself, even when construed flexibly (or permissively, as some say), as it was in *Stirling*, clearly provided that a request for an extension made after time had expired was to be made by motion, though the rule did not expressly prevent us from treating a tardy notice as a "motion" for extension.

It is at least arguable that the 1979 amendments to Rule 4 were not intended to modify the permissive view of the rule. Indeed, the notes of the Advisory Committee do not cite *Stirling* and the cases on which it relied or other cases following it, let alone allude to the problem whether a notice of appeal may be treated as a motion to the district court. On the other hand, Rule 4(a)(5) now quite plainly spells out that an extension of time shall be made "upon motion filed not later than 30 days" after expiration of the initial thirty-day appeal period and, in referring to motions filed before expiration of the prescribed time, permits them to be ex parte unless the court otherwise requires. As the other circuits have held, the language of the current rule suggests that there is only one way to obtain an extension of time, and that is to file a motion above and beyond the notice of appeal. Two sentences in the Advisory Committee notes on amended Rule 4(a)(5) clearly support this interpretation:

> Under the present rule there is a possible implication that prior to the time the initial appeal time has run, the district court may extend the time on the basis of an informal application. The amendment would require that the application must be made by motion, though the motion may be made *ex parte.*

Still, to construe the rule literally as the other circuits have done may be Draconian in some cases. As we deal more and more frequently with pro se appeals and laymen unfamiliar with the intricacies of federal civil procedure, let alone the rules of appellate practice, we suspect that there will be more cases of this nature rather than fewer. Our *Fearon v. Henderson*, for example, was a pro se case where an inflexible reading of Rule 4 would certainly have been Draconian. *See* 756 F.2d at 267–68. Indeed we gather, when the case was remanded to the district court the whole issue of appealability became moot because the district court granted leave to amend the complaint, which it should have done in the first place.

■ In the end, however, we feel constrained—in the interests of national uniformity and the avoidance of a conflict requiring or at least calling for action by the United States Supreme Court, which has other more momentous issues to determine—to follow the other circuits which now unanimously, even with dissent, favor the literal construction of the amended

rule. The Federal Rules of Appellate Procedure were adopted largely because it was thought to be in the public interest that uniformity of such procedure be achieved. *See* 16 Wright, Miller, Cooper & Gressman, *supra,* § 3945; *see also* Carrington, *Crowded Dockets and the Courts of Appeals: The Threat to the Function of Review and the National Law,* 82 Harv.L. Rev. 542, 551–53 (1969). Thus, we hold that *Stirling v. Chemical Bank* and *Fearon v. Henderson* are overruled.[1]

In so doing, however, we note one fact and follow other circuits in making two other points for the protection of litigants, especially those appearing pro se.

 First, while a "motion" is required by the rule to request an extension of time, no particular form of words is necessary to render a filing a "motion." Any submission signed by a party that may fairly be read as a request to the district court to exercise its discretionary powers to permit a late appeal should suffice. *See* Fed.R. Civ.P. 10 & 11.

Second, following the lead of the Eighth Circuit in *Campbell v. White,* 721 F.2d at 647, we direct that the district court clerks' offices screen notices of appeal for timeliness and advise pro se litigants of the appropriateness of an extension motion. We further direct that district court clerks prepare a notice to be given all litigants, whether or not pro se and whether they are plaintiffs or defendants, at the time when judgment is entered. This notice is to inform the litigants of the time limitations for filing a notice of appeal under Fed.R. App.P. 4 and of the necessity of filing a timely motion for extension within the thirty-day extension period if the notice of appeal is untimely.

Third, in light of the long adherence to our prior practice and the need for district courts to establish the necessary procedures, our new practice of dismissing untimely appeals where no motion for extension of time has been filed shall not take

effect until thirty-one days after the filing of this opinion. The Fifth Circuit similarly gave its decision prospective effect in *Sanchez v. Board of Regents of Texas Southern University,* 625 F.2d at 523; *see also Meggett v. Wainwright,* 642 F.2d 95, 97 (5th Cir.), *cert. denied,* 454 U.S. 1090, 102 S.Ct. 653, 70 L.Ed.2d 628 (1981).

On the merits, the application for a certificate of probable cause is denied.

---

1. This opinion was circulated among all the active and senior members of this court, none of whom has requested a rehearing en banc.