**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2485**

DIANE WILLIAMS,

            Plaintiff - Appellant,

      v.

COMMONWEALTH OF VIRGINIA, STATE BOARD OF ELECTIONS; NANCY
RODRIQUES, in her Individual Capacity as Secretary of the
State Board of Elections,

            Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge. (3:11-cv-00863-HEH-DJN)

Submitted: April 26, 2013              Decided: May 13, 2013

Before NIEMEYER, FLOYD, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Janipher W. Robinson, ROBINSON & GREENE, Richmond, Virginia, for
Appellant.  Kenneth T. Cuccinelli, II, Attorney General, Wesley
G. Russell, Jr., Deputy Attorney General, Guy W. Horsley, Jr.,
Special Assistant Attorney General, Ronald N. Regnery, Senior
Assistant Attorney General, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Diane Williams filed suit alleging that her former employer, the Commonwealth of Virginia State Board of Elections ("Board"), and Nancy Rodriques, the Executive Secretary of the Board (collectively "Board") terminated her employment in violation of the law. Pursuant to the district court's scheduling order, the Board filed its motion for summary judgment on the remaining claims on August 17, 2012. On August 28, 2012, the district court granted Williams' motion under Fed. R. Civ. P. 56(f) to extend the time period she had to respond to the Board's motion for summary judgment based on the death of her counsel's mother. The order extended the period to respond from August 30 to September 12, 2012.

On September 19, one week after the deadline had passed, the district court granted summary judgment to the Board. On September 26, the district court denied Williams' motion under Fed. R. Civ. P. 60(b)(1) for relief from the judgment granting summary judgment against her, and motion for leave to file a response out of time. The district court denied both motions declining to find that Williams established excusable neglect for her attorney's missed deadline. The court specifically found that the missed deadline was not because of the death of counsel's mother, noting that counsel filed several documents in the interim period before it granted summary

2

judgment and counsel's admission that she inadvertently failed to read the court's August 28 order granting her the relief she sought. The district court specifically analyzed Williams' motion under Pioneer Inv. Servs. Co. v. Brunswick Assocs., 507 U.S. 380 (1993).

On November 15, 2012, the district court denied Williams' motion to reconsider filed under Fed. R. Civ. P. 59(e) the court's September 26 order denying her Rule 60(b)(1) relief. The court's memorandum opinion noted that Williams' motion failed to establish one of the three narrow grounds needed to obtain relief under Rule 59(e), citing to our opinion in Pac. Ins. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). On appeal, Williams alleges that the district court erred by denying her relief in its September 26 and November 15, 2012, orders. For the reasons that follow, we affirm.

A district court's finding regarding excusable neglect is reviewed for an abuse of discretion, see United States v. Breit, 754 F.2d 526, 528-29 (4th Cir. 1985) (regarding neglect for extending appeal period under Fed. R. App. P. 4), but the burden of showing excusable neglect is on the party asserting it. Craig v. Garrison, 549 F.2d 306, 307 (4th Cir. 1977) (superseded on other grounds). We do not find the district court abused its discretion in denying Williams' Rule 60(b)(1) motion or her motion to extend the time period she had to answer

3

the Board's motion for summary judgment.  We also find no abuse of discretion by the district court in denying Williams' Rule 59(e) motion.  <u>See</u> <u>Ingle ex rel. Estate of Ingle v. Yelton</u>, 439 F.3d 191, 197 (4th Cir. 2006) (providing review standard).  The reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.  <u>Pac. Ins. Co.</u>, 148 F.3d at 403.

Because our review of the record reveals no reversible error by the district court in denying Williams' motions, we affirm for the reasons stated by the district court.  <u>See</u> <u>Williams v. Commonwealth of Virginia</u>, No. 3:11-cv-00863-HEH-DJN (E.D. Va. Sept. 26, 2012 & Nov. 15, 2012).  We also deny Williams' pending motion to remand the case to the district court and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>