**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-3416
_____

IN RE:  TERRELLE NELSON,
                                                         Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Crim. No. 1:16-cr-00397-001; D.N.J. Civ. No. 1:17-cv-05083)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 14, 2021
Before: RESTREPO, MATEY and SCIRICA, <u>Circuit Judges</u>

(Opinion filed: February 1, 2021)
_____

OPINION[*]
_____

PER CURIAM

        Terrelle Nelson, proceeding pro se, filed a petition for a writ of mandamus to

compel the District Court to take action regarding two motions that he filed under Federal

Rule of Civil Procedure 60(b).  Nelson filed his first motion seeking reopening of the

District Court's September 6, 2019 order denying his motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 on May 11, 2020 (ECF No. 27).  Then, on

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

July 21, 2020, he filed a second Rule 60(b) motion seeking similar relief, which he asked the District Court to treat as an amendment of the first one. (ECF No. 28) (asking the District Court to "cancel" the first one). By opinion and separate order entered on October 15, 2020, the District Court dismissed ECF No. 27 and denied ECF No. 28. See ECF Nos. 30 and 31. Nelson filed his petition seeking mandamus relief, which is dated November 19, 2020, after the District Court had already ruled on the motions.

In light of the District Court's action, this mandamus petition does not present a live controversy. Therefore, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

It would appear from Nelson's filing that he did not receive notice of the District Court's rulings on his motions. Because his filing might also be considered to be a timely motion under Federal Rule of Appellate Procedure 4(a)(5) to extend the time to appeal or 4(a)(6) to reopen the time to appeal from the October 15, 2020 order, the Clerk of Court is directed to forward the document dated November 19, 2020, to the Clerk of District Court for the District of New Jersey for consideration as a motion under Rule 4(a)(5) or 4(a)(6) in D.N.J. Civ. No. 1:17-cv-05083.[1] See 3d Cir. L.A.R. 3.4. Nelson

---

[1] See Poole v. Fam. Ct. of New Castle Cty., 368 F.3d 263, 268 (3d Cir. 2004) ("[N]o particular form of words is necessary to render a filing a motion . . . .") (quotations and citation omitted); Campos v. LeFevre, 825 F.2d 671, 676 (2d Cir. 1987) ("Any submission signed by a party that may fairly be read as a request to the district court to

certified that he placed the document in the prison mail on November 19, 2020, and it should be docketed as of that date.  See Houston v. Lack, 487 U.S. 266, 276 (1988).  The District Court Clerk shall be further instructed to send copies of the District Court's opinion and order issued on October 15, 2020, in D.N.J. Civ. No. 1:17-cv-05083 (ECF Nos. 30 and 31), to Nelson at his current address.

---

exercise its discretionary powers to permit a late appeal should suffice.").  Federal Rule of Appellate Procedure 4(a)(5) allows a motion for extending the time to appeal no later than thirty days after the time period under Rule 4(a) (in this case, sixty days) expires.  Rule 4(a)(6) permits a district court to reopen the time to appeal if, among other things, "the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier."  Fed. R. App. P. 4(a)(6)(B).