640 F.2d 7
 In the Matter of GAC CORPORATION et al., Bankrupt.
Joseph COREY and Margaret Corey, William L. Whitenight,
Bernice J. Whitenight, Eugene R. Laechelt, and
Norma B. Laechelt, Appellants,
v.
Frank J. CALLAHAN and Herbert S. Freehling, Chapter X
Co-Trustees for the Estate of GAC Properties,
Inc., Appellees.
 No. 80-5692
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Unit B
 March 16, 1981.
 Richard B. Davis, Jr., Jasper, Fla., for Corey.
 Robert M. Brake, Coral Gables, Fla., for Whitenight et al.
 Blackwell, Walker, Gray, Powers, Flick & Hoehl, James E. Yacos, James E. Tribble, Todd A. Cowart, John Rodgers Camp, Jr., Miami, Fla., for appellees.
 Appeals from the United States District Court for the Southern District of Florida.
 Before GODBOLD, Chief Judge, KRAVITCH and HATCHETT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The order appealed from in this case was entered August 8, 1980 (all dates are in 1980). The initial time for filing a notice of appeal thus expired September 8.[1] F.R.A.P. 4(a)(1). On September 5 the instant appellants sought an extension of time, citing unavailability of the persons who could authorize an appeal. The district court granted this motion September 16, purportedly authorizing the filing of a notice of appeal as late as October 16. On October 22 appellants sought a second extension. The district court granted this motion November 29, "nunc pro tunc," without specifying a deadline. Appellants filed their notice of appeal December 3. The appellee has moved to dismiss the appeal as untimely, arguing that the district court had no authority to grant a second extension.
 
 F.R.A.P. 4(a)(5) provides:
 
 2
 The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than 30 days after the expiration of the time prescribed by this Rule 4(a).... No such extension shall exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.
 
 
 3
 Appellants argue that, because 4(a)(5) refers to "the time prescribed by this Rule 4(a)," a literal reading of its provisions allows the district court, in its discretion, to grant an additional 10 day extension if a motion therefor is filed within 30 days of the expiration of the time for filing a notice of appeal, including extensions. Since 4(a)(5) is a part of 4(a), they contend that if the drafters of Rule 4 had intended a contrary construction they would have said "the time prescribed by Rule 4(a)(1) and 4(a)(3)." Because appellants' motion for a second extension was filed within 30 days of the deadline established by the order of September 16, they conclude that it was timely and within the district court's discretion to grant.[2]
 
 
 4
 Appellants cite no authority in support of their construction of 4(a)(5), arguing simply that the history of Rule 4 has been one of increasing liberalization of its timeliness requirements and that their construction is within the literal language of the provision. We have found no authority addressing the issue or, indeed, even implying that it exists.
 
 
 5
 Appellants' construction is clearly contrary to the intent of the rule. Rule 4(a)(5) specifically states that extensions shall not exceed 30 days past the prescribed time or 10 days after entry of the extension order. The ten day provision was added to make it clear that if a motion for extension of time is timely filed the district court may act upon it in the ordinary course, and is not required to rule on the motion within 30 days of the original deadline. See Notes of Advisory Committee on Appellate Rules. It was not intended to allow the district court to grant an indefinite series of 10 day extensions.
 
 
 6
 The time requirements contained in Rule 4 derive from the need for finality of judgments and an end to litigation. This policy would be defeated by any construction of the rule that would permit indefinite extensions of time for filing a notice of appeal. If we were to accept appellants' construction of Rule 4(a)(5), a district court could, upon finding excusable neglect or good cause, extend indefinitely the time for filing a notice of appeal, so long as each motion for an extension was filed within 40 days (10 day extension plus 30 days for filing a subsequent motion) of the last previous order granting an extension. Because the district court's determination of excusable neglect is due great deference, Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc., 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962), such extensions would be almost unreviewable.
 
 
 7
 The appeal is DISMISSED.
 
 
 
 [1]
 September 7 was a Sunday. See F.R.A.P. 26(a)
 
 
 [2]
 Appellants ignore the fact that the first extension properly could not have been granted beyond October 8 (30 days past the time prescribed by Rule 4(a)(1)). This does not affect appellants' argument, however, because the second motion was filed within 30 days of that date