884 F.2d 1387
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joseph L. BEST, Plaintiff-Appellant,
v.
J.H. GRIFFIN, Superintendent, D.T. Parks, Assistant
Superintendent, R.L. Sharpe, Unit P/A, Defendants-Appellees.
 No. 89-7538.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 28, 1989.
Decided Aug. 30, 1989.
 
 Joseph L. Best, appellant pro se.
 Before DONALD RUSSELL and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joseph L. Best, a North Carolina prisoner, appeals the district court's dismissal of his 42 U.S.C. Sec. 1983 action. We affirm.
 
 
 2
 First we must address whether Best filed a valid and timely notice of appeal. The district court dismissed this action on October 19, 1988. Best later filed a motion for an extension of time, which was granted by the district court and extended the time for filing an appeal until December 19, 1988. Best did not submit a formal notice of appeal to the district court during that period. Instead, he filed another motion for an extension of time, this time submitting the motion to this Court. This Court received Best's second motion for an extension of time on December 21, 1988, and it was forwarded to the district court.[1]
 
 
 3
 We construe Best's second motion for an extension of time as a notice of appeal in deference to Best's pro se status and because the motion itself clearly evinces an intent to appeal. We need not and do not decide whether, in other circumstances, a motion for an extension of time should be construed as a notice of appeal.[2]
 
 
 4
 In addition, we find that Best's motion was "filed" by the district court's December 19 deadline. Because the notice of appeal reached the Clerk of this Court in Richmond, Virginia, on December 21, there is no reasonable possibility that Best gave it to prison authorities for mailing in Salisbury, North Carolina, any later than December 19.[3] Thus, we treat the appeal as timely under Houston v. Lack, 56 U.S.L.W. 4728 (U.S. June 24, 1988) (No. 87-5428).
 
 
 5
 Turning to the merits of Best's appeal, we affirm the judgment of the district court. Accepting Best's allegations about his treatment and condition as true for the purposes of determining whether he stated a claim upon which relief could be granted, we find that Best has alleged at most that defendant Sharpe used bad medical judgment in refusing to treat him or to transfer him to the prison hospital. We therefore find that Best's allegations concerning defendant Sharpe's treatment did not demonstrate an eighth amendment violation. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) ("[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner").
 
 
 6
 We also find that defendants Griffin and Parks did not violate any of Best's constitutional rights by signing allegedly inaccurate evaluations of Best's prison grievances. Cf. Superintendent, Mass. Correctional Facility v. Hill, 472 U.S. 445 (1985) (prison disciplinary action will be upheld if there is some evidence in the record to support charges).
 
 
 7
 We affirm the judgment of the district court. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the Court and oral argument would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 This motion is located in the record behind Best's affidavit for an extension of time, which was received by the district court on January 25
 
 
 [2]
 We note that there is a split of authority on this question. Compare United States v. Hoye, 548 F.2d 1271, 1273 (6th Cir.1977) (treating motion for extension as notice of appeal) and Pasquale v. Finch, 418 F.2d 627, 629 (1st Cir.1969) ("willing to assume, for purposes of this case only, that its motion to extend on June 11 served as a notice of appeal for the purposes of Rule 4(a)") with Dyotherm Corp. v. Turbo Machine Co., 434 F.2d 65, 66 (3d Cir.1970) (motion for extension of time does not operate as notice of appeal; it merely keeps losing party's options open); Matter of Orbitec Corp., 520 F.2d 358, 361-62 (2d Cir.1975) (declining to construe motion for extension of time as notice of appeal in the absence of compelling reasons for hearing the appeal); Selph v. Council of City of Los Angeles, 593 F.2d 881, 882-83 (9th Cir.1979) (declining to construe motion for extension of time as notice of appeal; distinguishing criminal appeals and habeas corpus appeals). See also GAC Corp. v. Callahan, 640 F.2d 7 (5th Cir.1981) (dismissed appeal without considering whether motion could be treated as notice of appeal; motion was filed by attorney to extend time to get authorization from client to appeal)
 
 
 [3]
 The certificate of service attached to the motion states that it was mailed on December 16