902 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Richard Daniel Chandler STINES, Petitioner-Appellant,
v.
STATE OF NORTH CAROLINA; Dan Johnson, Superintendent of
Boone Unit 4660; Attorney General of the State of
North Carolina, Respondents-Appellees.
 
 No. 89-6878.
 United States Court of Appeals, Fourth Circuit.
 Submitted Feb. 28, 1990.
Decided April 27, 1990.
As Amended May 10, 1990.
Rehearing and Rehearing In Banc Denied May 18, 1990.
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Woodrow Wilson Jones, Senior District Judge. (C/A No. 88-244-A-C)
 Richard Thomas Tarrier, Boone, N.C., for appellant.
 Clarence Joe DelForge, III, Office of the Attorney General, Raleigh, N.C., for appellees.
 W.D.N.C.
 DISMISSED.
 Before WIDENER, K.K. HALL and PHILLIPS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Richard Daniel Chandler Stines seeks a certificate of probable cause to appeal the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Because this Court lacks jurisdiction to consider Stines's appeal, his request for a certificate of probable cause is denied.
 
 
 2
 The district court entered its final judgment in this matter on July 27, 1989. On August 18, 1989, Stines filed motions for relief from judgment and to extend the time to note his appeal. Although the court denied the motion for relief from judgment, it extended the appeal period an additional 30 days. On October 10, 1989, well after the expiration of the extended appeal period, Stines filed a second motion for an extension of time to note his appeal. The district court, finding that the second motion was filed within 30 days of the "original" appeal period, considered the motion timely and granted Stines yet another 30 days to note his appeal. Stines's notice of appeal was then filed on November 3, 1989.[1]
 
 
 3
 Rule 4(a) of the Federal Rules of Appellate procedure requires a notice of appeal in a civil case not involving the United States as a party to be filed within 30 days of the entry of final judgment. It is well settled that a necessary prerequisite to an extension of this 30-day time limit is a motion filed "not later than 30 days after the expiration of the time prescribed by this Rule 4(a)." Fed.R.App.P. 4(a)(5); Shah v. Hutto, 722 F.2d 1167 (4th Cir.1983) (en banc), cert. denied, 466 U.S. 975 (1984). For the district court to have authority under Rule 4 to extend the appeal period, the motion must be filed "within the second thirty-day period at the latest." Shah v. Hutto, 722 F.2d at 1168 (emphasis added).
 
 
 4
 In this case, the district court concluded that Stines's second motion for extension was timely only by construing the "original" appeal period as the 30 days prescribed by Rule 4(a) plus the court's initial 30-day extension. Rule 4, however, cannot be read to allow for an extension upon motion filed within 30 days of the expiration of the time for noting an appeal, including extensions. As the Fifth Circuit concluded in a case presenting an identical factual situation, such a reading would give the district court authority to extend the appeal period indefinitely, thus defeating the policy of finality reflected in Rule 4. In the Matter of GAC Corporation, 640 F.2d 7, 8-9 (5th Cir.1981). Thus, since Stines's second motion for an extension was filed more than 60 days after the entry of final judgment, the district court lacked authority to consider it.[2] Cf. Victor F. v. Pasadena Indep. School District, 793 F.2d 633, 634 n. 2 (5th Cir.1986); Labuguen v. Carlin, 792 F.2d 708, 709-10 (7th Cir.1986); Crossman v. Maccoccio, 792 F.2d 1, 2 (1st Cir.1986).
 
 
 5
 The time limits of Fed.R.App.P. 4 are "mandatory and jurisdictional." Browder v. Director, Dept. of Corrections, 434 U.S. 257, 264 (1978) (quoting United States v. Robinson, 361 U.S. 220, 229 (1960)). Because Stines failed to file a notice of appeal or anything that could be reasonably construed as such within the 60-day period allowed by the district court, this Court lacks jurisdiction to consider his appeal. Accordingly, Stines's request for a certificate of probable cause is denied and his appeal dismissed. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the Court and argument would not aid in the decisional process.
 
 
 6
 DISMISSED.
 
 
 
 [1]
 It appears that Stines may have presented his notice of appeal to the district court at the time he filed his second motion for an extension on October 10 but that it was not officially filed until the order granting the second extension was entered on November 3. This confusion, however, has no bearing on the disposition of this request for a certificate of probable cause
 
 
 [2]
 Stines cannot argue that he was misled by the district court's erroneous consideration of his second motion for extension, since it was not filed until after the extended appeal period had passed