986 F.2d 1414
 24 Fed.R.Serv.3d 1263
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Harold Gene RILEY, Plaintiff-Appellant,
v.
DOW CORNING CORPORATION; Herbert F. Brooks; Hilda Garris;
Bennett Keith Wagoner; B. Matthew Petcoff; Gary T. Burns,
Plan Administrator of Dow Corning Employee Retirement Plan,
Defendants-Appellees.
 No. 92-2048.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: December 18, 1992
Decided: February 18, 1993
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Richard C. Erwin, Senior District Judge. (CA-89-486)
 Harold Gene Riley, Appellant Pro Se.
 Thomas A. Farr, Frank Pelouze Ward, Jr., Maupin, Taylor, Ellis & Adams, P.A., Raleigh, North Carolina, for Appellees.
 M.D.N.C.
 AFFIRMED.
 Before WILKINS and HAMILTON, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Harold Gene Riley appeals from the district court's order granting summary judgment in favor of the Appellees. Appellees, Dow Corning Corporation, Herbert F. Brooks, Hilda Garris, Bennett Keith Wagoner, B. Matthew Petcoff, and Gary Burns, move to dismiss Riley's appeal. Appellees allege that the district court did not have the authority to grant a second extension of time to file a notice of appeal and, alternatively, the court abused its discretion in granting the second extension of time. We hold that the district court did not abuse its discretion, and deny Appellees' motion. Further, we affirm the district court's order granting summary judgment in favor of the Defendant-Appellees and dismissing Riley's claims.
 
 
 2
 Riley brought an action against the Appellees alleging age discrimination and other related claims arising from the termination of his employment. A final order and judgment was entered by the district court on May 29, 1992. Riley's counsel moved to withdraw on June 17, 1992, although Riley desired to appeal. The court granted counsel's motion. Riley, acting pro se, moved for an extension of time to file a notice of appeal on June 26, 1992. The court granted the motion on July 27, 1992, giving Riley until July 29 to file his notice of appeal. On July 29, 1992, Riley moved for a second motion to extend time, stating that the time given was insufficient and requesting further time to secure counsel. On August 3, the court granted the motion and gave Riley an extension until August 13. On August 12, Riley filed a pleading that the court construed as a notice of appeal.
 
 
 3
 A district court may grant extensions of time to file a notice of appeal on a motion filed no later than thirty days after the expiration of the original thirty-day period allotted to file a notice of appeal, where the movant shows excusable neglect or good cause meriting the extension. Fed. R. App. P. 4(a)(5). The extension may not be for more than thirty days following the original date on which the appeal period expired or ten days from the date of the entry of the order granting the motion to extend. Fed. R. App. P. 4(a)(5).
 
 
 4
 Appellees cite In re GAC Corp., 640 F.2d 7 (5th Cir. 1981), to support their contention that successive motions for extension of time are not permitted under Rule 4(a)(5). However, In re GAC is distinguishable from this case because there the appellant filed the second request for an extension of time after the expiration of the sixty-day period allotted for such extensions by Rule 4(a). Riley, however, moved for an extension of time less than thirty days after the original appeal period expired. Because Riley's motion for extension of time was within the period allotted for such motions under Rule 4(a)(5), the district judge had the authority to grant it even though it was a second extension.
 
 
 5
 Appellees also contend that Riley's motion for extension of time was not properly granted because he did not show good cause or excusable neglect as required by Rule 4(a). The burden of showing excusable neglect is on the appellant. Craig v. Garrison, 549 F.2d 306, 307 (4th Cir. 1977). However, the finding of excusable neglect or good cause by the district judge is subject to great deference. In re GAC, 640 F.2d at 9. We find that the district court did not abuse its discretion in granting an extension of time because of Riley's inability to secure counsel. Appellees' motion is hereby denied.
 
 
 6
 Our review of the record and the district court's opinion discloses that Riley's appeal is without merit. Accordingly, we affirm on the reasoning of the district court.* Riley v. Dow Corning Corp., No. CA89-486 (M.D.N.C. July 24, 1991; May 29, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED e! EOF!
 
 
 
 *
 The district judge granted summary judgment in favor of Dow on Riley's claims under the Employee Retirement Income Security Act of 1974 (ERISA), holding that the claims were unexhausted. Because summary judgment is a decision on the merits which would not be appropriate where claims are merely unexhausted, see Makar v. Health Care Corp., 872 F.2d 80 (4th Cir. 1989), we have reviewed the merits of Riley's ERISA claims. We find Riley's ERISA claims without merit and hold that summary judgment is properly granted