**Lisa GAYLE, Plaintiff,**

v.

**FLEXIBLE BENEFIT PLAN/UNITED PARCEL SERVICE LONG TERM DISABILITY PLAN, Defendant.**

**Civ.A. No. 3:03–3638–22.**

United States District Court,
D. South Carolina,
Columbia Division.

March 31, 2004.

D. Michael Kelly, Suggs and Kelly, Columbia, SC, Robert Edward Hoskins, Foster and Foster, Greenville, SC, for plaintiff.

Patrick C. DiCarlo, Alston and Bird, Atlanta, GA, David W. Overstreet, R. Michael Ethridge, Carlock, Copeland, Semler and Stair, Charleston, SC, for defendant.

## ORDER GRANTING MOTION TO DISMISS

CURRIE, District Judge.

This matter is before the court on Defendant's motion to dismiss this action with prejudice based on Plaintiff's failure to timely exhaust plan remedies. This motion follows the court's earlier order denying Plaintiff's motion to remand the action to Defendant with a directive that Defendant allow Plaintiff to exhaust her plan remedies. For the reasons set forth below, the court grants Defendant's motion in part, dismissing the first cause of action with prejudice and the second without prejudice.

### FACTS

The facts are as set forth in the order entered February 10, 2004 and shall not be repeated here.

### DISCUSSION

The present action asserts two causes of action related to Defendant's denial of benefits under an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1976, 29 U.S.C. § 1001 *et seq.* (ERISA). The first cause of action seeks remand to the Plan with a directive that the Plan allow Plaintiff to exhaust Plan remedies. The second cause of action seeks judicial review of any *subsequent* denial of benefits. The complaint does not expressly seek review of

the original (and now final) denial decision in the event remand is denied.

### 1. First Cause of Action

By order entered February 10, 2004, the court denied Plaintiff's motion to remand the matter to the Plan to allow her to exhaust plan remedies. This ruling effectively disposes of Plaintiff's first cause of action as this is precisely the relief sought in that claim. For the same reasons set forth in the earlier order, therefore, the court is compelled to grant Defendant's motion to dismiss Plaintiff's first cause of action. Dismissal of this cause of action is with prejudice.

### 2. Second Cause of Action

The court must also dismiss the second cause of action as currently pled as it seeks review after remand in the event the Plan again denies Plaintiff's claim. As the court has declined to remand the action, the right to recovery under this potential future claim simply cannot come about. This second cause of action is, therefore, dismissed without prejudice.

### 3. Potential Amendment

■ The critical question, therefore, becomes whether the court should, as suggested as a possibility in the prior order, allow Plaintiff to amend to seek review of the original (and now final) benefits denial decision based on the record as it currently exists before the Plan Administrator.[1]

The Fourth Circuit has not expressly addressed the proper course of action in circumstances such as those presented here. Defendant, nonetheless, argues that the court should dismiss the action with prejudice for failure of a condition precedent (failure to exhaust plan remedies),

pointing both to district court cases within the Fourth Circuit and a variety of appellate court cases from other circuits which have found such dismissal with prejudice to be proper under similar circumstances. Defendant also notes that the Plan gave Plaintiff notice of the mandatory exhaustion requirement in her denial letter using the following language: "**If you disagree with this determination, you must submit an appeal within one hundred eighty (180) days from your receipt of this letter.**" (Letter dated January 20, 2003, emphasis in original).

Plaintiff, on the other hand, notes that the Fourth Circuit has repeatedly indicated a preference for dismissing cases without prejudice or remanding them where the claimant has failed to exhaust plan remedies. *See, e.g., Makar v. Health Care Corp.*, 872 F.2d 80 (4th Cir.1989) (dismissing claim without prejudice and requiring plaintiff to pursue plan remedies prior to refiling action). Plaintiff also points to language in the summary plan description (SPD) which is more permissive in nature. That is, as to both levels of appeal, the SPD states that the individual "may file a written appeal" within a stated time frame: 180 days for a first level appeal and 60 days for a second level appeal. Specifically, as to the first level appeal, the SPD reads as follows: *"If you disagree with the decision, file a 1st Level Appeal with the claims administrator.* If you do not agree with the decision of the claims administrator, you may file a written appeal with the claims administrator within 180 days of receipt of the claims administrator's letter [denying benefits]." Similarly, the SPD states that, after a denial of the first appeal: *If you still disagree with the claims*

---

1. Plaintiff has not expressly sought to amend to pursue such relief. However, because the court suggested this as a possible course of action in its prior order and invited the parties to address the availability of such relief, the court will, for present purposes, assume that Plaintiff would seek to amend to assert such a claim.

*administrator's decision, file a 2nd Level Appeal with the Committee.* If you still do not agree with the claims administrator's decision, you may file a written appeal to the Committee within 60 days after receiving the 1st Level Appeal denial notice from the claims administrator." SPD at 118.

While the language cited by Plaintiff is stated in permissive terms, the following page advises that "You cannot file suit in federal court until you have exhausted these appeals procedures." SPD at 119. This language appears under the heading **"Important Information."** *Id.* (emphasis added). Read together, these SPD provisions give fair notice that filing of an appeal within the stated time frames is a mandatory prerequisite to legal action. Thus, the court is not dealing only with the judicially crafted exhaustion requirement, but also with a prerequisite to suit written into the terms of the Plan itself.[2] Moreover, there is no suggestion in the present case that Plaintiff did not understand the necessity for a timely appeal or that she was mislead in any way by the language in the Plan or the letter of denial. All that is at issue is whether she should be excused from the delay in filing where she personally acted in good faith, delay resulted solely from the unintentional error of the attorney who undertook her representation, and Defendant has not shown actual prejudice as a result of the delay.

While the court is sympathetic to Plaintiff's position, it cannot see how it can satisfy its obligation to enforce the terms of the ERISA Plan as it is written without holding Plaintiff to the time frames for appeals set forth in the SPD. This concern formed the basis of the decision in *Terry v. Bayer Corp.,* 145 F.3d 28, 40 (1st Cir.1998), in which the court, relying in part on *Makar,* found that, absent some impropriety by the plan which might have caused the delay, the plan's deadlines should be enforced because:

> [h]aphazard waiver of time limits would increase the probability of inconsistent results where one claimant is held to the limitation, and another is not. Similarly, permitting appeals well after the time for them has passed can only increase the cost and time of the settlement process.

*Terry,* 145 F.3d at 40.[3] As in *Terry,* this is not a case in which some ambiguity in the SPD or Plan communication led to the error. Thus, the court concludes that the proper course is to dismiss the second claim without allow leave to amend to add a claim for benefits, as was suggested by the prior order, in light of a determination that such amendment would be futile.

■ The dismissal of the second claim shall, however, be without prejudice as the determination is not one on the merits. While the court dismisses the second cause of action without prejudice, it recognizes that the ultimate effect of the dismissal is likely the same as a dismissal with prejudice. Nonetheless, it is not a judgment on the merits. *See Riley v. Dow Corning Corp.,* 1993 WL 39502 (4th Cir.1993) (unpublished opinion stating "summary judgment is a decision on the merits which would not be appropriate where claims are

---

**2.** ERISA does not expressly impose any requirement for exhaustion of plan remedies. Nonetheless, most if not all of the federal circuits require a plan beneficiary to exhaust plan remedies prior to instituting litigation. *See, e.g., Makar* (cited in text); *Coyne & Delany Co. v. Blue Cross & Blue Shield of Va., Inc.,* 102 F.3d 712, 716 n. 2 (4th Cir.1996) (listing

nine other circuits which had adopted this rule as of 1996).

**3.** The primary factual distinction between *Terry* and the present case is the length of the delay. In *Terry* the appeal was a year late. In the present case the delay was only two months which, while shorter, is still more than a de minimus delay.

merely unexhausted"). *See also Grabow-ski v. Schaefer and Strohminger, Inc.,* 1995 WL 45776 (D.Md.1995) (dismissing claim for lack of subject matter jurisdiction based on plaintiff's failure to timely seek review by the plan without expressly addressing the effect of the dismissal on plaintiff's ability to seek judicial review).

## CONCLUSION

For the reasons set forth above, the court grants Defendant's motion to dismiss. The dismissal of the first cause of action is with prejudice. The dismissal of the second cause of action is without prejudice.

IT IS SO ORDERED.