**Collin FEARON, Jr., Plaintiff-Appellant,**

v.

**Robert J. HENDERSON, Superintendent of Auburn Correctional Facility, Defendant-Appellee.**

**No. 818, Docket 84–2135.**

United States Court of Appeals, Second Circuit.

Submitted Feb. 21, 1985.

Decided Feb. 28, 1985.

Before VAN GRAAFEILAND, WINTER and PRATT, Circuit Judges.

PER CURIAM:

On April 19, 1984, Collin Fearon, pro se, filed a notice of appeal from a judgment of the United States District Court for the Northern District of New York (Port, J.) which dismissed appellant's section 1983 complaint on appellee's motion for summary judgment. The gravamen of appellant's complaint was that his civil rights were violated by appellee's refusal to permit him to use an electric typewriter in his cell because of inadequate prison wiring. It is undisputed that the wiring at the Auburn Correctional Facility was at least somewhat inadequate and that appellant was not prohibited from using a manual typewriter or writing in longhand whatever legal documents he desired.

The judgment of dismissal was filed on February 23, 1984, more than thirty days prior to the filing of the notice of appeal. *See* Fed.R.App.P. 4(a)(1). We remand to the district court in order that it may determine whether to treat the notice of appeal as an application for extension of time pursuant to Rule 4(a)(5) and whether, in the interests of justice, the late appeal should be allowed. *See Stirling v. Chemi-*

*cal Bank,* 511 F.2d 1030, 1032–33 (2d Cir. 1975).

Rule 4(a)(5) authorizes the district court, not this Court, to grant an extension of time. *Id.* at 1032. We refuse to follow those circuits which hold that the district court's "acceptance" of a late notice of appeal should be construed as a grant of additional time to appeal. *See, e.g., United States v. Williams,* 508 F.2d 410 (8th Cir. 1974). We hold that the mere acceptance of a notice of appeal by the district court clerk or a member of his staff is not the affirmative grant of relief by the court that the Rule contemplates. *See United States v. Stolarz,* 547 F.2d 108, 111 (9th Cir.1976), *cert. denied,* 434 U.S. 851, 98 S.Ct. 162, 54 L.Ed.2d 119 (1977).

Upon remand, the district court may also wish to consider whether appellant should have been permitted as a matter of right to amend his complaint in the absence of a responsive pleading. *See* Fed.R.Civ.P. 15(a). Appellant's right to amend as a matter of course ended with the entry of the judgment of dismissal. *Jackson v. Salon,* 614 F.2d 15, 17 (1st Cir.1980); *Feddersen Motors, Inc. v. Ward,* 180 F.2d 519, 523 (10th Cir.1950). However, there is some indication in the record that appellant may have informed the magistrate of his desire to amend prior to the entry of judgment. If this is so, and if appellant was misled as to his right to amend, the district court may wish to reconsider its order of dismissal. If the matter is coming back to this Court, we would like the benefit of the district court's thinking on the amendment issue.

Remanded.