**Otis HILLIARD, Plaintiff,**

v.

**Charles SCULLY, et al., Defendants.**

**No. 81 Civ. 5457 (JES).**

United States District Court, S.D. New York.

July 5, 1987.

Otis Hilliard, pro se plaintiff.

Robert Abrams, Atty. Gen. of the State of N.Y., New York City, for defendants; Jay B. Damashek, Asst. Atty. Gen., of counsel.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge:

The plaintiff is a prisoner currently incarcerated in a state prison and is proceeding *pro se* in this litigation. At the conclusion of a non-jury trial, the Court, by Opinion and Order dated December 4, 1986, concluded that plaintiff's claims pursuant to 42 U.S.C. § 1983 (1982) lacked merit. Therefore, the Court dismissed plaintiff's complaint. Judgment for the defendants was entered on December 19, 1986.

In an affidavit filed with the Court, plaintiff alleges that he attempted to file a notice of appeal with the clerk of the district court within thirty days following the entry of judgment, as required by the Federal Rules of Appellate Procedure ("Fed.R. App.P.") 3 & 4. However, that notice of appeal was rejected by the clerk on the technical ground that the size of the paper did not comport with the "local court rules size limitation [8½ by 11 inch]." *See* Affidavit in Support of Motion for Extension of Time to File Notice of Appeal ("Plaintiff's Aff.") at ¶ 1.[1] Plaintiff alleges that due to the conditions of his incarceration, he was unable to obtain the proper-sized paper during the thirty-day period in which he had to file his notice of appeal. *See* Plaintiff's Aff. at ¶ 2.[2]

Subsequently, after gaining access to the proper-sized paper, plaintiff resubmitted the notice of appeal. This second notice of

---

1. Neither party has alerted the Court as to which "local rule" governs the size of paper to be used for a notice of appeal. It appears, however, that the 8½ by 11 inch size limitation has been directed pursuant to a memorandum dated October 8, 1981 from the Administrative Office of the United States Courts. This memorandum provides *inter alia*, "[e]ffective January 1, 1983, the 8½ × 11 inch paper size will be the only accepted size in all Federal courts."

2. Specifically, plaintiff alleges, *inter alia*, that (1) he was unable to obtain the proper-sized paper from the prison law library because pris-

on officials were engaged in the time consuming task of moving library materials to a new location in the prison; (2) he was unable to purchase the proper-sized paper from the prison commissary because it does not sell 8½ by 11 inch paper; and (3) "the issuing of supples [sic] is improperly and/or never done by the unit officer(s) responsible to issue such materials on dailey [sic] basis and/or bi-weekly basis .... not withstanding [sic] the fact that such items is [sic] to be given to, the inmate(s) upon request when needed." *See* Plaintiff's Aff. at ¶ 2(c) (ellipsis in original).

appeal, which is dated January 28, 1987, was accepted for filing by the clerk of the court. By motion dated March 18, 1987, plaintiff moves pursuant to Fed.R.App.P. 4(a)(5) for an extension of time to file a notice of appeal.

As noted above, Fed.R.App.P. 3 & 4 provide that a notice of appeal must be filed with the clerk of the district court within thirty days after the entry of judgment. However, Fed.R.App.P. 4(a)(5) provides that the district court may extend the time to file a notice of appeal, provided that a motion for an extension of time is filed within thirty days after the expiration of the thirty-day period to file a notice of appeal. The time limits set forth in Rule 4 are mandatory and jurisdictional. *See Browder v. Director, Department of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978); *Fase v. Seafarers Welfare and Pension Plan,* 574 F.2d 72, 75–76 (2d Cir.1978); *In re Cosmopolitan Aviation Corp.,* 763 F.2d 507, 514 (2d Cir.), *cert. denied sub nom.* 474 U.S. 1032, 106 S.Ct. 593, 88 L.Ed.2d 573 (1985).

■ By letter to the Court dated April 27, 1987, defendants oppose plaintiff's motion for an extension of time on the ground that the motion is untimely. However, defendants do not dispute plaintiff's allegation that he attempted to file a notice of appeal within thirty days from the entry of judgment but that that attempt was thwarted solely because his notice of appeal was filed on improper-sized paper. Moreover, defendants have not successfully controverted plaintiff's allegation that he was unable to file the notice of appeal on proper-sized paper because he did not have access to 8½ by 11 inch paper in the prison. Although the defendants' counsel states in a letter to the Court that prison officials have informed him that the plaintiff did have access to 8½ by 11 inch paper, this hearsay evidence set forth solely in a letter is plainly insufficient to refute plaintiff's allegations or even to create a material issue of fact requiring a hearing. The Court, therefore, accepts plaintiff's allegations as true.

■ In light of these unique facts, the Court will deem plaintiff's first notice of appeal to have been filed, *nunc pro tunc,* on the date plaintiff previously attempted to file that notice. Bearing in mind that the plaintiff is a *pro se* prisoner, *cf. Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *Stirling v. Chemical Bank,* 511 F.2d 1030, 1032 (2d Cir.1975), the need to preserve plaintiff's right to appeal outweighs any policy reasons favoring a rigid application of the 8½ by 11 inch paper size rule.[3] Since it is undisputed that plaintiff attempted to file his first notice of appeal within the thirty-day period allowed by Fed.R.App.P. 4, plaintiff's motion for an extension of time is moot and the Court need not reach the merits of that motion.

The Court's holding is consistent with Fed.R.App.P. 3(c), which provides that "[a]n appeal shall not be dismissed for informality of form or title of the notice of appeal." Moreover, the Advisory Committee Notes to that Rule state that because "the timely filing of the notice of appeal has been characterized as jurisdictional ... it is important that the right to appeal not be lost by mistakes of mere form."

In short, the Federal Rules, the Advisory Committee's comments, and fundamental fairness all dictate that the plaintiff *pro se* should not face the potential forfeiture of his right to appeal simply because he did not file his notice of appeal on proper-sized paper. Moreover, the Court notes that as a practical matter, defendants are not prejudiced by the Court's holding. Defendants' sole objection is that the plaintiff should have filed a formal motion for an extension of time within sixty days rather than filing the second notice of appeal.[4] In either

---

**3.** This is not in any way meant to suggest that the clerk of the court acted improperly or incorrectly in refusing to accept plaintiff's first notice of appeal for filing.

**4.** In light of the Court's holding, the Court need not resolve the question of whether plaintiff's second notice of appeal can be considered a timely motion for an extension of time to file a

event, however, defendants would have received notice of plaintiff's intention to appeal within sixty days of the date of judgment.

## CONCLUSION

Because the plaintiff filed his notice of appeal within thirty days after the entry of judgment, plaintiff's motion for an extension of time to file a notice of appeal is denied solely on the ground of mootness.

It is SO ORDERED.

notice of appeal. *Cf. Fearon v. Henderson,* 756