346 F.3d 19
 Daniel Raymond Stephenson, Susan Stephenson, Daniel Anthony Stephenson, Emily Elizabeth Stephenson, Joe Isaacson and Phyllis Lisa Isaacson, Plaintiffs-Appellants,
v.
Dow Chemical Co., Monsanto Co., American Home Products, Inc., Hercules Incorporated, Occidental Chemical Corporation, Ultramar Diamond, Chemical Land Holdings, Inc., Maxus Energy Corp., Harcros Chemical Inc., Shamrock Corp., and Does 1-100, Thompson Hayward Chemical Co., T-H Agriculture & Nutrition Co., Inc., Uniroyal, Inc. and C.D.U. Holding, Inc., Uniroyal Chemical Co., Defendants-Appellees.
 Docket No. 00-7455(L).
 Docket No. 00-9120(CON).
 United States Court of Appeals, Second Circuit.
 Argued: May 23, 2001.
 Decided: November 30, 2001.
 Vacated and Remanded: June 9, 2003.
 Decided: September 29, 2003.
 
 Gerson H. Smoger, Smoger & Associates, P.C., Oakland, California; Mark R. Cuker, Williams, Cuker & Berezofsky, Cherry Hill, New Jersey, submitted a letter brief for Appellants Joe Isaacson and Phyllis Lisa Isaacson.
 Steven Brock, Rivkin Radler LLP, Uniondale, New York, for The Dow Chemical Co.; John C. Sabetta, Seyfarth, Shaw, Fairweather & Geraldson, New York, New York, and James Tyrrell, Latham & Watkins, Newark, New Jersey, for Monsanto Co.; Michael M. Gordon, Cadwalader, Wikersham & Taft, New York, New York, for Ultramar Diamond Shamrock Chemicals Co., Occidental Chemical Corp., Maxus Energy Corp., and Chemical Land Holdings, Inc.; William A. Krohley, Kelley, Drye & Warren, New York, New York, for Hercules Inc.; Lawrence D'Aloise, Jr., Clark, Gagliardi & Miller, White Plains, New York, for T.H. Agriculture & Nutrition Co., Inc., Thompson-Hayward Chemical Co., and Harcros Chemical, Inc.; Myron Kalish, New York, New York, for Uniroyal, Inc., Uniroyal Chemical Co., and CDU Holdings, Inc., submitted a letter brief for Appellees.
 Before: CARDAMONE, and F.I. PARKER*, Circuit Judges, and SPATT**, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiffs Stephenson and Isaacson alleged injuries incurred from exposure to Agent Orange in Vietnam. A prior class action settlement had purported to resolve all Agent Orange claims and had created a compensation program that for ten years paid those claimants. Plaintiffs' injuries manifested themselves after this ten-year program ended, and they filed new lawsuits against the manufacturers of Agent Orange.
 
 
 2
 Their claims were consolidated and transferred by the Multidistrict Litigation Panel to the Eastern District of New York. The United States District Court for the Eastern District of New York (Weinstein, J.) dismissed plaintiffs' claims as barred by the prior class action settlement. Plaintiffs appealed, seeking to attack collaterally the prior settlement on the grounds that they were inadequately represented in the settlement and therefore that due process considerations precluded the application of res judicata to bar their claims.
 
 
 3
 We vacated the district court's dismissal of plaintiffs' suits. Stephenson v. Dow Chemical Co., 273 F.3d 249 (2d Cir.2001). We held first that plaintiff Isaacson's case was properly removed to federal court under the All Writs Act, 28 U.S.C. § 1651. We further held that collateral attack was available to the plaintiffs. Finally, we held that the plaintiffs were not proper parties to the prior class action and consequently their claims were not barred by res judicata.
 
 
 4
 The United States Supreme Court granted the defendants' petition for a writ of certiorari. Dow Chemical Co. v. Stephenson, ___ U.S. ___, 123 S.Ct. 2161, 156 L.Ed.2d 106 (2003). With respect to the Stephenson plaintiffs, the Court summarily affirmed our decision by an equally divided court. With respect to the Isaacson plaintiffs, the Court vacated our decision and remanded for further consideration in light of Syngenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).
 
 DISCUSSION
 
 5
 With respect to the Stephenson plaintiffs, we remand this case to the district court for further proceedings consistent with our panel opinion. See Stephenson v. Dow Chemical, 273 F.3d 249.
 
 
 6
 With respect to the Isaacson plaintiffs, we have reconsidered the case in light of Syngenta. The Supreme Court held in Syngenta that the All Writs Act permits writs in aid of jurisdiction, but does not itself create jurisdiction. Thus, invocation of the All Writs Act does not relieve a party seeking removal to federal court from complying with the statutory requirements for removal jurisdiction.
 
 
 7
 Isaacson had originally filed his claim in New Jersey state court alleging only state law claims. The defendants removed the case to the United States District Court of New Jersey. The defendants had invoked several statutory grounds in support of removal. Subsequently, the district court denied plaintiff's remand motion to return the case to the state court of New Jersey, retaining federal jurisdiction on the ground of the All Writs Act. We affirmed the removal solely on the basis of the All Writs Act.
 
 
 8
 It is clear in light of Syngenta that federal jurisdiction with respect to Isaacson's claims cannot be grounded on the All Writs Act. Accordingly, under the circumstances we believe it appropriate to remand the case to the district court so that it may determine in the first instance if there are alternate grounds other than the All Writs Act that may support federal jurisdiction.
 
 CONCLUSION
 
 9
 With respect to the Stephenson plaintiffs, we vacate the district court's dismissal and remand for further proceedings consistent with the opinion in Stephenson v. Dow Chemical Co., 273 F.3d 249.
 
 
 10
 With respect to the Isaacson plaintiffs, we vacate the district court's dismissal on the ground that the All Writs Act does not provide the district court with removal jurisdiction. We remand that case to the district court so that it may determine if there are alternate grounds to support federal jurisdiction.
 
 
 11
 Vacated and remanded.
 
 
 
 Notes:
 
 
 *
 Due to the death of Judge Fred I. Parker, this remand from the Supreme Court has been decided by the two remaining members of the panel pursuant to § 0.14(b) of the Rules of the United States Court of Appeals for the Second Circuit
 
 
 **
 The Honorable Arthur D. Spatt, of the United States District Court for the Eastern District of New York, sitting by designation