In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

**Daniel Raymond Stephenson, et al, Plaintiffs,**

v.

**Dow Chemical Company, et al., Defendants.**

MDL No. 381.
Civ. No. 99–CV–3056 (JBW).

United States District Court, E.D. New York.

Feb. 9, 2004.

Smoger & Associates, by Gerson Smoger, Oakland, CA, Williams Cuker Berezofsky by Mark Cuker; Dean Bencivenga, Philadelphia, PA, for Plaintiffs.

Orrick, Herrington & Sutcliffe, LLP, by James Lamont Stengel, New York City, Rivkin Radler, LLP, by Steven Brock, Uniondale, NY, for Defendant Dow Chemical Company.

Seyfarth Shaw, LLP, by John C. Sabetta; Andrew T. Hahn, Sr., New York City, for Defendant Monsanto Company.

## MEMORANDUM & ORDER (AMENDMENT).

WEINSTEIN, Senior District Judge.

### I. Introduction

Plaintiffs move to file an amended complaint under Rule 15(a) of the Federal Rules of Civil Procedure. The motion is denied for reasons explained below in conformity with the policy favoring free amendment and because no prejudice has been shown.

### II. Facts and Procedural History

Plaintiffs Daniel Stephenson, a Vietnam veteran, his wife and two of his children are residents of Louisiana. A third son, plaintiff Daniel Anthony Stephenson, is a resident of Texas.

In February of 1999, plaintiffs filed a complaint in the District Court for the Western District of Louisiana based on diversity. Two defendants are named: The Dow Chemical Company and Monsanto Company. Both are Delaware corporations with their principal places of business outside of Louisiana and Texas. The background of the underlying litigation is described in *In re "Agent Orange" Products Liability Litigation*, 304 F.Supp.2d 442, 2004 WL 231187 (E.D.N.Y.Feb. 9, 2004) (*"Judgment in Agent Orange III"*).

In April of 1999, the Multidistrict Litigation Panel transferred the action to this court. 28 U.S.C. § 1407. Defendants' motion to dismiss the complaint was granted on the ground that the claims were barred by the 1984 Agent Orange class action settlement. *Order & Judgment* (E.D.N.Y. Apr. 4, 2000), *reversed by Stephenson v. Dow Chemical Co.*, 273 F.3d 249 (2d Cir.2001), *aff'd in part and vacated in part by* 539 U.S. 111, 123 S.Ct. 2161, 156 L.Ed.2d 106 (2003) (per curiam). In September of 2003, the case was remanded for further proceedings. *Stephenson v. Dow Chemical Co.*, 346 F.3d 19 (2d Cir.2003). A motion to dismiss has been

made, briefed and argued. No answer to the complaint has been filed.

Now, more than four and one-half years after the action was commenced, plaintiffs move to amend the complaint to add fourteen additional defendants and new causes of actions. At least one proposed defendant's principal place of business is in Texas, thereby arguably destroying complete diversity among the parties.

### III. Law

■ The relevant portion of Rule 15(a) of the Federal Rules of Civil Procedure reads: "A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Refusal to grant leave is reviewed for abuse of discretion. *Ruffolo v. Oppenheimer & Co.,* 987 F.2d 129, 131 (2d Cir.1993); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) ("[T]he grant or denial of an opportunity to amend is within the discretion of the District Court...."); *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990) (describing generally the right to amend).

### A. Amendment as a "Matter of Course"

Rule 15(a) has been interpreted liberally to allow one "automatic" amendment to pleadings before the filing of a responsive pleading. The time in which the "right to amend" may be exercised is not, however, unlimited.

■ An absolute right to amend terminates upon the dismissal of the complaint. *Fearon v. Henderson,* 756 F.2d 267, 268 (2d Cir.1985) ("Appellant's right to amend as a matter of course ended with the entry of the judgment of dismissal."), *overruled on other grounds by Campos v. Le Fevre,* 825 F.2d 671 (2d Cir.1987); *Elfenbein v. Gulf & W. Indus., Inc.,* 590 F.2d 445, 448 n. 1 (2d Cir.1978) (automatic "right terminates upon the granting of the motion to dismiss"); *Swan v. Bd. of Higher Educ. of New York,* 319 F.2d 56, 60–61 (2d Cir.1963) (after dismissal of complaint, pleading "could be

amended only with leave of the court"); *The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 22 (1st Cir.1989) ("[T]he thrust of Rule 15(a) is aimed at the pre-judgment phases of litigation.") (noting that on appeal no effort was made to secure a remand for the purpose of seeking an amendment to complaint); *Phillips v. Borough of Keyport,* 179 F.R.D. 140, 146 (D.N.J.1998) ("The right to amend as a matter of course must terminate at some point. This is so even if a responsive pleading has not been filed, and even if the order of dismissal is not affirmed."). *See generally* 3 Moore's Federal Practice § 15.12[1].

Dismissal of a complaint functions much as would a responsive pleading Each side and the court will have put so much effort into the motion to dismiss that the litigation can hardly be considered a clean slate for purposes of amendment.

### B. Leave to Amend

■ Amendment may be denied for a wide variety of reasons, including undue delay, bad faith, undue prejudice to the opposing party, or futility. *Foman,* 371 U.S. at 182, 83 S.Ct. 227; *Mackensworth v. S.S. Am. Merchant,* 28 F.3d 246, 251 (2d Cir.1994). Leave need not be granted if the amendment "is unlikely to be productive." *Ruffolo,* 987 F.2d at 131.

■ When there has been an extensive delay preceding a motion to amend, the burden may shift to the movant to justify the delay. *Phaneuf v. Tenneco,* 938 F.Supp. 112, 115 (N.D.N.Y.1996); *Sanders v. Thrall Car Mfg. Co.,* 582 F.Supp. 945, 952 (S.D.N.Y. 1983). The Court of Appeals for the Second Circuit has found two years and nine months to constitute an undue delay. *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983); *see also Phaneuf,* 938 F.Supp. at 114 (same); *Cresswell v. Sullivan & Cromwell,* 922 F.2d 60, 72 (2d Cir.1990) (seventeen month delay); *Church of Scientology Int'l v. Time Warner,* 1998 WL 575194, 1998 U.S. Dist. LEXIS 14059, 26 Media L. Rep. 2394 (S.D.N.Y.1998) (five year delay).

■ Following a lengthy postponement in moving to amend a complaint, the movant

must offer a satisfactory explanation for the hiatus. *Cresswell,* 922 F.2d at 72; *Mac-Draw, Inc. v. CIT Group Equip. Fin., Inc.,* 157 F.3d 956, 962 (2d Cir.1998) (failure to explain the delay is an unsatisfactory "excuse" for delay). "Ignorance of the law is an unsatisfactory excuse." *Cresswell,* 922 F.2d at 72. Even obtaining new counsel with a fresh view of the case may not constitute justification. *Ansam Associates, Inc. v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir. 1985); *Bymoen v. Herzog, Heine, Geduld, Inc.,* 1991 WL 95387, *1, 1991 U.S. Dist. LEXIS 7169, *3 (S.D.N.Y.1991). When, however, parties have discovered new facts and a basis for new allegations during discovery, delay is routinely justified. *See, e.g., State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981); *Phillips v. Kidder, Peabody & Co.,* 1994 WL 570072, *4, 1994 U.S. Dist. LEXIS 14578, *10 (S.D.N.Y.1994).

■ "Mere delay [ ] absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *Fluor Corp.,* 654 F.2d at 851; *see also Middle Atlantic Util. Co. v. S.M.W. Development Corp.,* 392 F.2d 380, 384 (2d Cir.1968). For example, a three and one-half year delay between filing the complaint and a motion to amend, without prejudice or bad faith, was, standing alone, an inadequate basis. *Middle Atlantic Util. Co.,* 392 F.2d at 384. In determining whether prejudice is undue the court considers whether the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; *or* (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.,* 988 F.2d 344, 350 (2d Cir.1993) (emphasis added).

■ Parties will not be permitted to abuse the liberal amendment policy based upon the "belief that [leave must be granted] in all cases, under all conditions even when they have been dilatory and substantial prejudice has resulted." *Strauss v. Douglas Aircraft Co.,* 404 F.2d 1152, 1158 (2d Cir.1968). For example, leave was denied when a punctual motion to amend could have prevented the devotion of "time, effort and resources to pre-trial discovery, the drafting of a pre-trial brief, and preparation for trial." *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 48 (2d Cir.1983); *see also Le Blanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir.2001) (additional expenses can constitute undue prejudice); *Strauss,* 404 F.2d at 1157 (party would have had ample time to initiate its litigation in another forum if amendment was timely). "[T]he longer the period of an unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice." *Block* 988 F.2d at 350 (citation omitted).

■ "In determining the impact of granting leave on judicial economy, a court should consider how the amendment would affect the use of judicial resources and the impact on the judicial system." 3 Moore's Federal Practice § 15.15[1]. "The burden to the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party." *Perrian v. O'Grady,* 958 F.2d 192, 195 (7th Cir.1992) (citations omitted); *see also Chitimacha Tribe of Louisiana v. Harry L. Laws Co.,* 690 F.2d 1157, 1163 (5th Cir.1982) ("In keeping with the purposes of [Rule 15], the court should consider judicial economy and whether the amendments would lead to expeditious disposition of the merits of the litigation."); *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 598 (5th Cir.1981) ("Finally, it is appropriate for the court to consider judicial economy and the most·expeditious way to dispose of the merits of the litigation.").

## IV. Application of Law to Facts

■ Plaintiffs have introduced their motion to amend nearly five years after the complaint itself was filed. They offer by way of explanation that they have been unable to act in the preceding four years and eight months because the case almost constantly has been in various stages of appeal. They contend that this is their first real opportunity. This would normally constitute a satisfactory excuse. *But cf. The Dartmouth Review v. Dartmouth College,* 889 F.2d 13, 22–23 (1st Cir.1989) (stating that after the case was transferred to the appellate court's

jurisdiction and during its pendency there, plaintiffs could have sought a remand for purposes of seeking leave to amend the complaint.).

Leave to amend must nonetheless be denied because of the large additional expenditures of time and effort that would be required by the court and parties. The extensive briefs and supporting evidence now before the court in the pending motion to dismiss are predicated on the present complaint. *See, e.g., Block,* 988 F.2d at 350.

In addition, the proposed complaint's inclusion of at least one new defendant would arguably defeat federal jurisdiction. Defendants might be forced to incur significant expenses to relitigate threshold issues in a new action in state court or seek to remove the case back to federal court. *See Memorandum and Order (Removal) in Agent Orange III,* 304 F.Supp.2d 442 (E.D.N.Y. Feb. 9, 2004). *Cf. Samaha v. Presbyterian Hosp.,* 757 F.2d 529, 531 (2d Cir.1985) (leave almost always should be granted to drop defendants and preserve diversity jurisdiction if remaining defendants are not prejudiced).

Dow and Monsanto have conceded that the non-diverse, proposed defendants are not indispensable parties. *Def.'s Mem. Opp. Amend.* at 7. Since this court is now ruling on a dispositive motion to dismiss, the proposed complaint and lost federal jurisdiction would needlessly delay the resolution of the dispute while new papers were drafted to address the new complaint. *See Judgment in Agent Orange III.* Each of the new defendants would need time to acquaint themselves with this complex litigation.

The original complaint does not prejudice plaintiffs by denying them necessary or desirable defendants and theories. It names Dow and Monsanto as defendants, multi-billion dollar corporations capable of satisfying a judgment in favor of the Stephenson family.

The discovery permitted by *Judgment in Agent Orange III* will not be inhibited by a failure to amend. Many of the defendants plaintiffs seek to enjoin are in a companion case, *Isaacson v. Dow Chemical Co. See Judgment in Agent Orange III.* Discovery will go forward on a consolidated basis in *Agent Orange III.*

Finally, no new theory would override any new defendant's government contractor defense. *See Judgment in Agent Orange III.* An amendment would be futile. *See, e.g., Dougherty v. Town of North Hempstead Bd. of Zoning Appeals,* 282 F.3d 83, 88 (2d Cir. 2002) ("An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6).").

Allowing plaintiffs' amendment would be an unfair burden on the judicial system. Granting the amendment could possibly result in a loss of federal jurisdiction, with a new state action burdening a state court with serious issues of law and fact. It would then well result in removal back to federal court and, ultimately, transfer to this court with more new paperwork. *See Memorandum and Order (Removal) in Agent Orange III,* 304 F.Supp.2d 442 (E.D.N.Y.Feb.9, 2004).

### V. Conclusion

Plaintiffs' motion to amend is denied. No costs or disbursements.

SO ORDERED.