**Gary COPELAND, Derivatively on Behalf of NBTY, INC., Plaintiff–Appellant,**

Steven Alger, Derivatively on Behalf of NBTY, Inc., Consolidated–Plaintiff–Appellant,

v.

Scott RUDOLPH, Harvey Kamil, Glenn Cohen, Michael L. Ashner, Michael C. Slade, Aram G. Garabedian, Bernard G. Owen, Arthur Rudolph, Alfred Sacks, Murray Daly, Nathan Rosenblatt, Peter J. White, and NBTY, Inc., a Delaware corporation, Defendants–Appellees.

No. 05–0561CV.

United States Court of Appeals, Second Circuit.

Dec. 20, 2005.

Jeffrey P. Fink, Robbins Umeda & Fink, LLP, San Diego, CA (Shane Rowley, David Leventhal, Beth A. Keller, on the brief, Farqui & Farqui, LLP, New York, NY), for Appellants.

Robert Novack (Charles W. Stotter, Mary Moore, on the brief), Edwards & Angell, LLP, New York, NY; John A. Morris (Elizabeth B. Dubin, on the brief), Kronish Lieb Weiner & Hellman, LLP, New York, NY, for Appellees.

Present: Hon. Wilfred FEINBERG, Hon. B.D. PARKER, and Hon. Richard D. CUDAHY,* Circuit Judges.

* The Honorable Richard D. Cudahy, of the United States Court of Appeals for the Sev-

**58**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*) be AFFIRMED.

Appellants Gary Copeland and Steven Alger, two shareholders in Appellee NBTY, Inc., appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, *J.*), dismissing their consolidated shareholder derivative complaint for failure to adequately plead demand futility under Rule 23.1 of the Federal Rules of Civil Procedure and Delaware Chancery Court Rule 23.1. Familiarity with the facts, procedural history, and issues on appeal is presumed.

Appellants do not challenge the merits of the district court determination, which held that their consolidated derivative complaint failed to plead demand futility "with particularity." *Lewis v. Graves*, 701 F.2d 245, 248 (2d Cir.1983). The only issue before us is whether the district court abused its discretion by failing to recognize Appellants' informal request for leave to amend their complaint, which was found in a footnote in their opposition to Appellees' motion to dismiss.[1] By neither referencing nor recognizing this informal request in its memorandum and order dismissing this case, the district court implicitly denied Appellants' informal motion.

Federal Rule of Civil Procedure 15(a) provides that "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.... Otherwise a party may amend the party's pleading ... by leave of court ... and leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). "A district court has broad discretion to decide whether to grant leave to amend, a decision that we review for an abuse of discretion." *In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d 370, 404 (2d Cir. 2005). "Where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. County of Nassau*, 180 F.3d 42, 53 (2d Cir.1999); *see Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 76 (2d Cir.1998).

To the extent that Appellants argue that the district court somehow denied them the opportunity to amend their complaint once as a matter of course under Rule 15(a), before the filing of a responsive pleading, they are mistaken. The filing of a motion to dismiss is not a responsive pleading, and thus Appellants could have amended as a matter of course up to, and in fact through, the district court's decision on the motion to dismiss. *See Barbara v. New York Stock Exch., Inc.*, 99 F.3d 49, 56 (2d Cir.1996); 6 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 1483, at 585 (2d ed. 1990) ("[C]ourts have held that the filing of a motion to dismiss will not prevent a party from subsequently amending without leave of court."). However, once judgment was entered on the motion to dismiss, Appellants forfeited their right to amend as a matter of course. *See Fearon v. Henderson*, 756 F.2d 267, 268 (2d Cir. 1985) (per curiam), *overruled on other*

---

enth Circuit, sitting by designation.

1. The Appellants' bare request for leave to amend reads as follows: "While the plaintiffs are confident that the Complaint satisfies the applicable pleading standards, if the Court determines the plaintiffs have not adequately

pleaded the above claims for relief, leave to amend should be granted. *See* Fed.R.Civ.P. 15(a)." Appellees' Opp'n Br. at 23 (quoting Appellants' Opp'n to Mot. to Dismiss at 15 n. 28).

*grounds by Campos v. LeFevre*, 825 F.2d 671 (2d Cir.1987); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1483, at 588–89 (2d ed. 1990) ("[I]f both an order dismissing the action and a final judgment have been entered ... an amendment may be made only by leave of court.").

▮ Insofar as Appellants argue that the district court's failure to notice their footnote which contained their informal request for leave to amend was, in and of itself, an abuse of discretion, we disagree. While "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion," *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), "[i]t is within the [district] court's discretion to deny leave to amend implicitly by not addressing the request when leave is requested informally in a brief filed in opposition to a motion to dismiss." *In re Tamoxifen Citrate Antitrust Litig.*, 429 F.3d at 404; *see also Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir.2000) (a "district court d[oes] not abuse its discretion by implicitly denying [plaintiff's request for] leave to amend his complaint to cure [a] deficiency" found in an "affidavit in opposition to [the] motion to dismiss"); *Confederate Mem'l Assoc. v. Hines*, 995 F.2d 295, 299 (D.C.Cir.1993) (holding that the district court did not abuse its discretion by denying leave to amend where plaintiffs made only a "bare request in an opposition to a motion to dismiss").

▮ Ultimately, Appellants have failed to demonstrate that they would be able to amend their consolidated derivative complaint in a manner which would survive dismissal. *See Hayden*, 180 F.3d at 53; *see also Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir.2002) (a district court has discretion to deny leave to amend a complaint "if there is a good reason for it, such as futility"). Appellants failed to file

a formal motion for leave to amend their complaint at the district court, and failed to attempt to advise the court of their new allegations by way of a motion for reconsideration or to alter the judgment after the district court dismissed their claims. *Cf. Anatian v. Coutts Bank (Switzerland) Ltd.*, 193 F.3d 85, 89 (2d Cir.1999); *In re Am. Exp. Co. S'holder Litig.*, 39 F.3d 395, 402 (2d Cir.1994); *McLaughlin*, 962 F.2d at 195. Even on appeal, Appellants have yet to indicate how they would amend their complaint to correct their deficiencies in pleading demand futility, and "it is hardly self-evident that they could transform the facts pleaded into a sufficient allegation" of demand futility. *In re Am. Exp. Co. S'holder Litig.*, 39 F.3d at 402 (citations omitted); *see Anatian*, 193 F.3d at 89 ("[There was no] showing as to how plaintiffs might amend their complaint to cure their pleading deficiencies, especially in light of the insufficiency of facts to support a claim."). Thus, we cannot say that the district court's implicit denial of Appellants' informal motion to amend their complaint was an abuse of discretion.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.