08-4569-cv
Chenkin v. 808 Columbus LLC

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of March, two thousand ten.

PRESENT:
> AMALYA L. KEARSE,
> PETER W. HALL,
> > *Circuit Judges*,
> JED S. RAKOFF,[*]
> > *District Judge.*

_____

Michael Chenkin,

> *Plaintiff-Appellant*,

Barbara Chenkin,

> *Plaintiff*,

> v.                                                         Docket No. 08-4569-cv

808 Columbus LLC, 775 Columbus LLC, 795 Columbus LLC, 805 Columbus LLC, 801 Amsterdam LLC, PWV Acquisition LLC,

> *Defendants-Appellees*.

_____

---

[*]   The Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT:            Michael Chenkin, *pro se*, New York, New York.

FOR APPELLEES:            Jeffrey L. Braun, Kramer Levin Naftalis & Frankel LLP
                          (Jonathan Fried and Jessica J. Glass, *on the brief*), New York,
                          New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Chin, *J.*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Michael Chenkin appeals a judgment of the district court granting the Defendants' motion to dismiss his complaint, which alleged violations of (1) Title I of the Housing Act of 1949, codified as amended at 42 U.S.C. § 1441 *et seq.*; (2) a 1952 contract between the United States and the City of New York for a capital grant, issued pursuant to the Housing Act, for the redevelopment of an area in Manhattan now known as Park West Village ("PWV"); and (3) the "Project Redevelopment Plan" for PWV. The Defendants are currently constructing five new residential buildings within PWV, and Chenkin opposes the construction. Chenkin also appeals from the district court's denial of his motion for reconsideration of the judgment. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. As an initial matter, the Defendants' recently-filed motion to dismiss the appeal is hereby **DENIED.** The Park West Village Tenants' Association's motion for leave to file, as amicus curiae, a memorandum of law in opposition to Defendants' motion is **DENIED** as moot.

Although the district court, concluding that the Housing Act of 1949 does not provide a private right of action, dismissed the complaint both for lack of subject matter

2

jurisdiction and for failure to state a claim on which relief can be granted, we affirm on the latter ground. *See, e.g.*, *Bell v. Hood*, 327 U.S. 678, 681-83 (1946) (where the complaint "is so drawn as to seek recovery directly under the Constitution or laws of the United States," the district court must entertain the suit unless the federal claim "clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous"); *Rodriguez ex rel. Rodriguez v. DeBuono*, 175 F.3d 227, 233 (2d Cir. 1999) (the question of whether a private right of action can be implied from a federal statute is itself a sufficient federal question to meet the modest requirements for subject matter jurisdiction under 28 U.S.C. § 1331); *Schwartz v. Gordon*, 761 F.2d 864, 867 n.4 (2d Cir. 1985) (dismissal for inapplicability of federal statute to the facts alleged is more aptly termed one for failure to state a claim than one for lack of jurisdiction if question presented was nonfrivolous). Because we agree that the Housing Act of 1949 does not provide a private right of action, we affirm the dismissal of Chenkin's Housing Act claim for failure to state a claim on which relief can be granted.

To the extent that Chenkin also purports to assert "federal contract claims," his complaint fails to state a claim as he is not a party to, or an intended third-party beneficiary of, the contract he seeks to enforce.

Insofar as Chenkin argues on appeal that the district court erred in declining to accept as true the "allegations" in his complaint regarding the legislative intent of the Housing Act or the meaning of the federal contract at issue, a court is not required to accept as true such "legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Insofar as Chenkin argues that the district court erred in failing to grant him leave to amend his complaint, Federal Rule of Civil Procedure 15(a)(1) provides that a plaintiff may amend

3

his complaint once as a matter of course before the filing of a responsive pleading. Here, no responsive pleading was filed and Chenkin therefore could have filed an amended complaint as of right, but he failed to do so. *See Fearon v. Henderson*, 756 F.2d 267, 268 (2d Cir. 1985), *overruled on other grounds by Campos v. LeFevre*, 825 F.2d 671 (2d Cir. 1987) ("Appellant's right to amend as a matter of course ended with the entry of the judgment of dismissal."). In addition, while this Court has stated that district courts should generally not dismiss *pro se* complaints without granting leave to amend where a liberal reading of the complaint "gives any indication that a valid claim might be stated," *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted), Chenkin has identified no claim outside of his Housing Act and federal contract claims, and therefore there is no indication that he could state in an amended complaint a claim over which the district court has jurisdiction.

With respect to the district court's denial of Chenkin's motion for reconsideration of the judgment, we find no abuse of discretion in that decision. *See Harris v. Kuhlmann*, 346 F.3d 330, 357 (2d Cir. 2003); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 162 F.3d 724, 729 (2d Cir. 1998).

We have considered Chenkin's remaining arguments and conclude that they are without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4